UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FAIRFIELD FINANCIAL MORTGAGE GROUP,

                              Plaintiff(s),                    **ORDER**
                                                                                                      CV06-5962 (JS)(WDW)
          -against-

JAMES LUCA, et al.,
                              Defendant(s).
-------------------------------------------------------------------X

**WALL, Magistrate Judge:**

      Before the court is the plaintiff's motion for a finding of contempt and the imposition of sanctions on defendants Shaw Mortgage Group, Inc. ("Shaw"), Candice Giaccone ("Giaccone"), David Jacobson ("Jacobson") and Eric Forte ("Forte") for their failure to comply with this court's order of 10/10/07. For the reasons set forth *infra*, the motion is granted, to the extent that defendants Shaw, Giaccone, Jacobson and Forte must each pay $300 in reasonable expenses to the plaintiff pursuant to Federal Rule 37 (b)(2)(C) and must fully comply with the 10/10/07 order, both acts to be completed within ten days of the date of entry of this order. Failure to comply with this order will put defendants Shaw, Giaccone, Jacobson and Forte at risk of additional, more serious sanctions.

      This action was commenced on 11/03/06. As part of the discovery process, the plaintiff served subpoenas on defendants Shaw, Giaccone, Jacobson and Forte, who, at the time, were non-parties. They did not respond to the subpoenas or move to have them quashed. On 9/6/07 and 9/28/07, the plaintiff served letter motions, both seeking orders for compliance with the subpoenas. Then non-parties Shaw, Giaccone, Jacobson and Forte did not oppose the motions, and did not appear at the oral argument on 10/10. An order was entered granting both motions, with the proviso that none of the subpoenaed entities was required to produce tax returns. See DE [18].

Approximately eleven days later, on 10/19/07, the amended complaint was filed, naming Shaw, Giaccone, Jacobson and Forte as parties, and, on 11/15/07, they moved to dismiss the claims against them in the amended complaint. That motion is still pending. On 1/10/08, the undersigned held a conference and Shaw, Giaccone, Jacobson and Forte failed to appear. At that conference, an order was entered, adjourning the pretrial conference without date, and ordering that "Discovery remains open, and all deadlines are extended without date pending Judge Seybert's decision on the Rule 12 motion." DE [51].

The plaintiff reports, in the motion now before the court, that despite repeated efforts to get Shaw, Giaccone, Jacobson and Forte to comply with this court's order of 10/10, they have failed to do so. In their opposition to the motion, the defendants argue that they have not complied with the order of 10/10, because the order of 1/10 extended "all deadlines," presumably including discovery deadlines, and absolved them of the necessity of complying with this court's order of three months standing. That argument is entirely without merit, indeed comes periously close to frivolity. When the 10/10 order issued, it imposed an immediate obligation on the defendants to comply with the subpoena. They ignored that order, and now seek protection in an order that has no application to that obligation. The 1/10 order did extend all discovery deadlines, but there is no relevant deadline relating to the 10/10 order. Moreover, the 1/10 order explicitly states that "[d]iscovery remains open." The defendants have long failed to comply with this court's order, and will be sanctioned.

A question does arise as to the proper basis for imposing sanctions. At the time the subpoena and the subsequent order directing compliance were issued, the defendants were non-parties, subject to sanctions under Rule 45. Now, they are parties, subject to sanctions under Rule 37, and the court will sanction them under that Rule, for failure to comply with this court's

2

10/10 order. Under Rule 45, the defendants could be held in contempt for their "[f]ailure . . . without adequate excuse to obey a subpoena served upon [them]." Fed. R. Civ. P. 45 (e)[1]. Under Rule 37, the court can impose a wider variety of sanctions, including the payment of reasonable expenses. *See* Fed. R. Civ. P. 37(b)(2)(C). Here, although the defendants were not subject to Rule 37 sanctions when the order issued, they are now, and have sought protection for their failure to comply with the 10/10 order in an order issued after they became parties. They can't have it both ways. Moreover, the imposition of sanctions under Rule 37 can be for failure to comply with an order not issued under that Rule. *See Daval Steel Products v. M/V Fakredine,* 951 F. 2d 1357, 1363 (2d Cir. 1991).

Thus, under Rule 37, defendants Shaw, Giaccone, Jacobson and Forte must each pay $300 in reasonable expenses to the plaintiff and must fully comply with the earlier order, both acts to be completed within ten days of the date of entry of this order. Failure to comply with this order will put defendants Shaw, Giaccone, Jacobson and Forte at risk of additional, more serious sanctions.

Dated: Central Islip, New York  **SO ORDERED:**
      May 20, 2008

                                                 /s/ William D. Wall
                                                WILLIAM D. WALL
                                                United States Magistrate Judge

---

[1] Under 28 U.S.C. §636(e)(6)(B)(iii), a magistrate judge may certify to a district judge that an act constitutes civil contempt, and the district judge, after a hearing, determines the appropriate punishment. *See Hand Picked Selections, Inc. v. Handpicked Wines Int'l,* 2006 U.S. Dist. LEXIS 42077, *7 (E.D.N.Y. June 22, 2006).

3