UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FAIRFIELD FINANCIAL MORTGAGE GROUP, INC.
      Plaintiff(s),

    -against-

JAMES R. LUCA, ERIC FORTE,
DAVID JACOBSON, CANDICE GIACCONE,
MICHAEL J. MOBERG, MOBERG & ASSOCS.,
PLLC, SHAW MORTGAGE GROUP, INC.,
SHAW ELITE, LLC, SIMPLY ELITE, LLC,
CARLO DELLAPINA, MEDALLION
ABSTRACT, LLC, and BLM CONSULTING, INC.,
      Defendant(s).
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 06-5962 (JS)(WDW)

**WILLIAM D. WALL, United States Magistrate Judge:**

  Before the court is a motion for sanctions and attorneys fees by the plaintiff against defendants Forte, Jacobson, Giaccone and Shaw Mortgage Group. DE[98]. For the reasons set forth herein, the motion is granted as to Forte, Jacobson and Shaw ("the Shaw Defendants"), and denied as to Giaccone. The undersigned recommends that the answers filed by Eric Forte, David Jacobson and Shaw Mortgage Group be stricken and default judgments be entered as a sanction pursuant to Rule 37 (b)(2)(A)(iii) & (vi) for repeated acts of noncompliance with the court's orders. The court also recommends an award of $300 as reasonable attorneys fees for the motion, pursuant to Federal Rule 37(b)(2)(C).

              **BACKGROUND**

  In an order dated 11/19/08, the undersigned recounted the history of noncompliance by the Shaw Defendants in this matter. DE[90]. Familiarity with that history is assumed. I ordered the Shaw Defendants to produce, by December 22, 2008, "all responsive documents in their control as well as their possession, and, as to documents that they claim they cannot produce, to provide written, sworn statements as to whether the documents in question were ever in their

possession or control and why they are not able to produce them." *Id.* at 1-2. I warned that, based on their responses, I would if necessary entertain a motion for spoliation or a renewal of the plaintiff's request for the imposition of dispositive sanctions. *Id.* at 14. The motion currently before the court is a renewal of that sanctions request. The motion is unopposed.

The plaintiff reports that, at a meeting of counsel on 12/18/08 during which a possible resolution of the case was discussed, the lawyers agreed to temporarily hold discovery in abeyance. DE[98] at 2. Plaintiff's counsel met separately with Mr. Pelsinger, the Shaw Defendants' attorney, to discuss the order of 11/19 and try to work out some of the issues. However, on the following day, 12/19/08, Mr. Pelsinger informed defense counsel that no arrangement concerning the 11/19 order could be reached. On 12/22, the plaintiff fulfilled its obligation under the order (to file an application for attorneys fees), but the Shaw Defendants did not, according to plaintiff, produce any documents or serve any affidavits. Nothing more was heard from the Shaw Defendants about settlement, and the plaintiff served responses to discovery demands on 1/22/09. On 1/26/09, plaintiff received a letter from Mr. Pelsinger stating, *inter alia*, that his clients wished to continue with discovery. DE[98], Ex. D. No mention was made of the outstanding discovery obligations of the Shaw Defendants. After one or two fruitless telephone conversations, plaintiff told Mr. Pelsinger that it would make an application to this court for sanctions if counsel did not hear from the Shaw Defendants by the close of business on 1/29/09. The plaintiff heard nothing further, and the instant motion was filed at 6:41p.m. on that date. The defendants have not filed any challenge to the accuracy of these facts, and the court accepts them.

In the motion, the plaintiff seeks a recommendation that a default judgment be entered against the Shaw Defendants "for their repeated disobedience of this Court's orders." DE[98] at

3. The motion also seeks attorneys fees for the motion. No opposition was ever filed by the Shaw Defendants. The court scheduled a hearing for 2/23/09 and both the plaintiff's and the Shaw Defendants' attorneys appeared. At the hearing, it was established that Ms. Giaccone had sufficiently complied with the outstanding orders, and no sanctions will be recommended against her at this time. On 2/24/09, the day after the hearing, Mr. Pelsinger filed a document that purports to be the "written, sworn statements" from the Shaw Defendants that were ordered to be submitted no later than December 22, 2009. DE[100]. The document is not only two months late, it is a declaration from Mr. Pelsinger, not sworn statements from the Shaw Defendants, as required by the order, and it will not be considered.

### DISCUSSION

The law governing the imposition of sanctions pursuant to Rule 37 (b)(2)(A)(vi), which allows for the entry of a default judgment if a party fails to obey an order to provide or permit discovery, and the application of that law to the history of this case, are set forth at length in my order of 11/19/09, is incorporated by reference herein, and will not be fully repeated here. DE[90] at 10-14; *and see Ocello v. City of New York*, 2008 WL 789857 (E.D.N.Y. Mar. 21, 2008) (setting forth standards for imposition of Rule 37 sanctions)). In that order, after detailing the history of the Shaw Defendants' repeated and continuing discovery transgressions, I expressly warned them that if they failed to fully comply with the new deadlines and orders, I would reconsider the imposition of dispositive sanctions. DE[90] at 14. With the exception of Ms. Giaccone, who has complied, the other Shaw Defendants have not produced the mandated discovery and have not submitted sworn statement as ordered by the court. I find that their noncompliance was willful and/or in bad faith rather than the result of an inability to comply or oversight, and the court has reached the point where there is no other viable option than to

recommend entry of default. Lesser sanctions have been of no efficacy, and their noncompliance is long-standing. Like the defendants in *Ocello,* "[t]here is no way to view the entirety of" the Shaw Defendants' "conduct in this litigation without concluding that they have had no concern for the discovery rules that are designed to give each litigant a fair opportunity to prepare for a trial on the merits. Such an approach to discovery warrants the drastic remedy I now recommend." *See Ocello,* 2008 WL 789857 at *23 (citing *Spence v. Maryland Cas. Co.,* 803 F. Supp. 649, 661 (W.D.N.Y. 1992)(additional internal citation omitted)).

I also recommend an award of $300 as reasonable costs pursuant to Federal Rule 37(b)(2)(C) for the instant motion, inasmuch as the defendants' failure was not substantially justified and no other circumstances make the award unjust.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for the parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       March 5, 2009

                                           s/ William D. Wall
                                          WILLIAM D. WALL
                                          United States Magistrate Judge