UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X Case No.: CV-06-5962 (JS)(WDW)
FAIRFIELD FINANCIAL MORTGAGE
GROUP, INC.,

Plaintiff,

    -against-

JAMES R. LUCA, ERIC FORTE, DAVID
JACOBSON, CANDICE GIACCONE, MICHAEL
J. MOBERG, MOBERG & ASSOCIATES, PLLC,
SHAW MORTGAGE GROUP, INC., SHAW
ELITE, LLC, SIMPLY ELITE, LLC, CARLO
DELLAPINA, MEDALLION ABSTRACT, LLC
and BLM CONSULTING, LLC,

Defendants.
------------------------------------------------------------X

---

## DEFENDANT LUCA'S MEMORANDUM OF LAW IN OPPOSITION TO HASKEL'S NOTICE OF MOTION FOR RULE 11 SANCTIONS

---

**Burns, Russo, Tamigi & Reardon, LLP**
**Attorney for Defendants James R. Luca,**
**Shaw Elite, LLC and Simply Elite**
**390 Old Country Road**
**Garden City, N.Y. 11530**
**516 747 7371**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................. ii

INTRODUCTION ..............................................................................................................1

    LUCA'S OPPOSITION TO HASKEL'S NOTICE OF RULE 11 MOTION AND
    SUPPORTING DECLARATIONS INTRODUCTION......................................................1

ARGUMENT ....................................................................................................................5

  POINT I

    HASKEL FAILED TO COMPLY WITH THE SAFE HARBOR PROVISIONS OF
    RULE 11 BY FAILING TO SET FORTH SPECIFIC ALLEGED SANCTIONABLE
    CONUDCT SUFFICIENT TO DENY REARDON AND LUCA DUE PROCESS ........5

  POINT II

    THE DISQUALIFICATION MOTION IS MERITORIOUS IN THAT IT IS
    PROPERLY BASED IN LAW AND EVIDENTIARY FACT SUCH THAT IT WAS
    REASONABLY RELIED UPON BY REARDON .............................................................7

CONCLUSION ...............................................................................................................16

## TABLE OF AUTHORITIES

*Associated Indem. Corp. v. Fairchild Indus.,*
  961 F.2d 32, 34 (2d Cir.1992) ...............................................................**12**

*Baird v. Hilton Hotel Corp.,*
  771 F.Supp. 24, 28 (E.D.N.Y.1991) .........................................................**9**

*Barth v. Kaye,*
  178 F.R.D. 371 (N.D.N.Y 1998) ...............................................................**12**

*Blue Planet Software, Inc. v. Games Int'l, LLC,*
  331 F.Supp.2d 273 (S.D.N.Y.2004) ............................................................**2**

*British Airways, PLC v. Port Authority of New York and New Jersey,*
  862 F.Supp. 889, 901 (E.D.N.Y.1994) .......................................................**9**

*Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.,*
  498 U.S. 533, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991).................................**7**

*Cooter & Gell v. Hartmarx Corp.,*
  496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)................................**7**

*Emle Indus., Inc. v. Patentex, Inc.,*
  478 F.2d 562, 574 (2d Cir.1973) ...............................................................**9**

*Gal v. Viacom Inter., Inc.,*
  403 F.Supp.2d 294 (S.D.N.Y. 2005) ..........................................................**6**

*Gov't of India v. Cook Indus., Inc.,*
  422 F.Supp. 1057, 1059-60 n. 4 (S.D.N.Y.1976)........................................**9**

*Hadges v. Yonkers Racing Corp.,*
  48 F.3d 1320, 1329 (2d Cir.1995) .............................................................**12**

*Hull v. Celanese Corp.,*
  513 F.2d 568 (2d Cir.1975) .......................................................................**2**

*Jeffreys v. Rossi,*
  275 F.Supp.2d 463 (S.D.N.Y.2003) ...........................................................**6**

*Lancaster v. Zufle,*
  170 F.R.D. 7 (S.D.N.Y.1996)......................................................................**6**

*MacDraw, Inc. v. CIT Group Equip. Fin., Inc.,*
  73 F.3d 1253, 1257 (2d Cir.1996) .............................................................**7**

*Nuwesra v. Merrill Lynch, Fenner & Smith, Inc.,*
   174 F.3d 87 (2d Cir. N.Y. 1999) .................................................................5

*Oliveri v. Thompson,*
   803 F.2d 1265 (2d Cir. 1986) ...................................................................12

*Pastor v. Trans World Airlines, Inc.,*
   951 F.Supp. 27, 33 (E.D.N.Y.1996) ...........................................................9

*Perez v. Posse Comitatus,*
   373 F.3d 321 (2d Cir. N.Y. 2004) ..............................................................8

*Pierce v. F.R. Tripler & Co.,*
   955 F.2d 820 (2d Cir. 1992) ......................................................................8

*Rodick v. City of Schenectady,*
   1 F.3d 1341 (2d Cir.1993) .......................................................................12

*Schwed v. General Electric Co.,*
   990 F.Supp. 113, 117 (N.D.N.Y.1998)........................................................9

*Siegal v. Pro-Ex Sec.,*
   No. 02 Civ. 610, 2002 WL 1203851, at *3 (S.D.N.Y. June 3, 2002)..............6

*Storey v. Cello Holdings, L.L.C.,*
   347 F.3d 370 (2d Cir. N.Y. 2003) ..............................................................5

*Tvili v. Fairfield,*
   06- CV-016213 ........................................................................................1

*United States v. Johnson,*
   555 F.2d 115 (3d Cir. 1977) ....................................................................13

*Yaretsky v. Blum,*
   525 F.Supp. 24, 30-31 (S.D.N.Y.1981).......................................................9

## INTRODUCTION

## LUCA'S OPPOSITION TO HASKEL'S NOTICE OF RULE 11 MOTION AND SUPPORTING DECLARATIONS INTRODUCTION

On June 3, 2009 defendant James Luca (hereafter "Luca") submitted a motion (hereafter "Disqualification Motion) to disqualify Michael A. Haskel, Esq., (hereafter "Haskel"), counsel for plaintiff, Fairfield Financial Mortgage Group, Inc. (hereinafter "Fairfield") based upon, inter alia, Haskel's advice and counsel to Luca in connection with a case that was pending concurrently with this action, before *this* Court, entitled *Tvili v. Fairfield*, 06- CV-016213, ("Tvili") as well as in other matters, including a complaint filed against Luca personally by the New York State Banking Department.

The Disqualification Motion included exhibits and citations to the record and supporting case law directly on point. *See* Disqualification Motion and Memorandum in Support (DE 123 and DE 124), incorporated by reference herein. Specifically, the Disqualification Motion was supported by a detailed affidavit duly sworn to by Luca, testimony from the depositions of Donald Luth, a former Managing Director of Fairfield, the pleadings in this action and in Tvili and evidence confirming that Haskel communicated with Luca concerning Tvili and that Haskel received legal fees (albeit indirectly) from Luca who subsidized the entire Tvili defense.

In opposition, Haskel ("Haskel 5/21/09 Dec.") admitted to having communications with Luca in the Tvili matter and to ultimately receiving legal fees that Luca paid to Fairfield during the period when Haskel was suing Luca on behalf of Fairfield in this action. Haskel could not dispute that he received information from Luca concerning Luca's background and the operations of the Uniondale Branch during communications for Tvili defense. Haskel has not

1

overcome the presumption that such information provided Haskel with an unfair advantage in this litigation where Luca's background, knowledge of Fairfield's internal operation and the operation of the Uniondale Branch were put in issue.

Haskel blankly claims that he never "represented" Luca and that any advice and counsel Haskel may have given to Luca was not as an individual, but as an employee/agent of Fairfield solely within the context of his representation of Fairfield.

As stated in the Disqualification Motion, this argument is meritless because any information Luca provided to Haskel is presumed to give Haskel an unfair advantage under these circumstances and any discrepancies between Luca's detailed affidavit and Haskel's statements must be resolved in Luca's favor, since "any doubt is to be resolved in favor of disqualification." (quoting *Blue Planet Software, Inc. v. Games Int'l, LLC*, 331 F.Supp.2d 273 (S.D.N.Y.2004) and *Hull v. Celanese Corp.*, 513 F.2d 568 (2d Cir.1975)).[1]

On June 8, 2009 Haskel sent a letter to Luca's counsel, Alan J. Reardon (hereafter "Reardon") alleging, in a general and conclusory fashion that the "Disqualification Motion has no basis in law or fact"...and therefore Reardon had "twenty-one (21) days to withdraw the application [Motion]". *See* **Exhibit A** to Reardon Declaration in Opposition submitted herewith.

On June 19, 2009 Reardon replied that the Disqualification Motion was based upon credible evidence that corroborated Luca's affidavit in support of the motion, which Reardon had the legal right to rely upon in seeking Haskel's disqualification. See Exhibit "B" to Reardon's Declaration  One week later, on June 29, 2009, Haskel served a Notice of Motion Pursuant to Fed. R. Civ. P. 11 with supporting Declarations, which was accompanied by a Memorandum of Law.

---

[1] Perhaps this Court could direct Haskel to submit true copies of the detailed bills for legal services rendered that he delivered to Fairfield regarding Tvili for an in-camera review to illuminate the extent and nature of his communications with Luca.

2

Haskel's letter of June 8, 2009, the contents of his Declaration in Support of his motion herein and the Memorandum of Law all fail to provide sufficient detail to comply with either the "safe harbor" provision of Rule 11, or provide this Court or Reardon with sufficient information to evaluate the Motion.

Haskel's papers likewise fail to cite any relevant case law, docket entry or document and fails to provide a specific genuine example of any alleged misstatement or misrepresentation that purportedly forms the basis of his Rule 11 motion.   Rather, Haskel relies upon speculation, supposition and conjecture, claiming that if Haskel had truly communicated with Luca as Luca alleges, Reardon would have: (1) moved for disqualification much earlier knowing the extent and nature of Haskel's consultations with Luca; (2) pursued this issue more zealously in discovery; (3) not needed to distort the facts in Luca's favor as presented in his client's affidavit; and (4) conducted better inquiry into his client's statements which would have revealed lies and discrepancies Haskel alleges to have identified.

In reality Luca's affidavit do not present any arguable discrepancies or misstatements. Rather, Haskel invites a meaningless battle of semantics using the term "representation" in the strictest sense (i.e. that he was never Luca's attorney of record, or ever appeared for Luca before any court or government body) while attempting to cast doubt on Luca when Luca uses "representation" to mean advice and counsel, so that Haskel can make the accusation that Luca "invented factual contentions." (Haskel 6/26/09 Dec. Pg. 1).

The Rule 11 motion fails because the underlying Disqualification Motion that Haskel claims violates Rule 11, is fully supported by the factual record, the supporting exhibits and the case law cited in the Memorandum of Law.   It is neither frivolous nor vexatious and it was not

3

filed for any improper purpose nor designed to harass or delay the litigation as Haskel contends.[2]

For these reasons, Haskel's motion should be denied.

---

[2] Haskel makes these assertions in "cookie-cutter" fashion from the mandates of Rule 11, but never provides any underlying factual bases to demonstrate or identify: (1) an improper purpose; (2) objective evidence of Reardon's intent to harass him; (3) how Reardon misused the Disqualification Motion to gain tactical advantage; and (4) objective evidence of Reardon's lack of reasonable inquiry into the facts presented by Luca.

**ARGUMENT**

**POINT I**

**HASKEL FAILED TO COMPLY WITH THE SAFE HARBOR PROVISIONS OF RULE 11 BY FAILING TO SET FORTH SPECIFIC ALLEGED SANCTIONABLE CONUDCT SUFFICIENT TO DENY REARDON AND LUCA DUE PROCESS**

Haskel's purported Rule 11 motion should be denied because it fails procedurally and substantively. Procedurally Haskel's failure to provide sufficient information to understand the basis of his motion and his refusal to provide such information, both prior to service of the motion and in the motion itself violates the "safe harbor" provision and the specificity requirements of Rule 11 and therefore his motion should be denied. *See* Fed. R. Civ. P. 11(c) (any motion for sanctions pursuant to Rule 11, "must describe the specific conduct that allegedly violates Rule 11(b).").

As the Second Circuit has explained on numerous occasions, alluding to the due process rights of any person potentially subject to any kind of sanctions, at a minimum, the notice requirement mandates that the subject of a Rule 11 sanctions motion be informed of:

> ". . . [inter alia] the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense. Indeed, only conduct explicitly referred to in the instrument providing notice is sanctionable. *Schlaifer Nance & Co.,* 194 F.3d at 334.

This notice requirement permits the subjects of sanctions motions to confront their accuser and rebut the charges leveled against them in a pointed fashion. *Storey v. Cello Holdings, L.L.C.,* 347 F.3d 370 (2d Cir. N.Y. 2003); see also *Nuwesra v. Merrill Lynch, Fenner & Smith, Inc.,* 174 F.3d 87 (2d Cir. N.Y. 1999) ("In particular, a sanctioned attorney must receive specific notice of the conduct alleged to be sanctionable. . .").

5

It is undisputed that Haskel merely sent a letter as a pre-requisite to serving this motion which contained a request to withdraw the Disqualification Motion for non-specific reasons. Unfortunately for Haskel, the plain language of the rule states explicitly that service of the motion itself is required to begin the safe harbor clock.  The rule says nothing about the use of letters. *Gal v. Viacom Inter., Inc.*, 403 F.Supp.2d 294 (S.D.N.Y. 2005).

"To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule...the 'safe harbor' period begins to run *only upon service of the motion.*" Fed.R.Civ.P. Advisory Committee's note (emphasis added); *see Siegal v. Pro-Ex Sec.*, No. 02 Civ. 610, 2002 WL 1203851, at *3 (S.D.N.Y. June 3, 2002) (citing the same Advisory Committee language).

It is not overly demanding to require counsel to comply with the clear directives of Rule 11.  *See, e.g., Lancaster v. Zufle,* 170 F.R.D. 7 (S.D.N.Y.1996) ("[T]he plain language of the Rule expressly requires the serving of a formal motion, and with good reason, for by serving such a motion a movant...[theoretically] places its adversary on notice that the matter may not be viewed as simply part of the paper skirmishing among adversaries that too often characterizes litigation in this uncivil age."); *see also Jeffreys v. Rossi,* 275 F.Supp.2d 463 (S.D.N.Y.2003) (defendants had "complied with Rule 11" despite failing to serve the motion 21 days prior to filing it with the court because defendants had sent a detailed warning letter giving plaintiff "sufficient notice of defendants' intent to move for sanctions and an opportunity to withdraw the offending papers" 21 days before filing the sanctions motion).

In addition, the content of the Rule 11 papers, as will be discussed in detail below, are insufficient to place Reardon and Luca on notice of a specific violation of Rule 11(b), thereby

failing to satisfy the safe harbor provision. For this reason alone, Haskel's motion for sanctions should be denied.

## POINT II

### THE DISQUALIFICATION MOTION IS MERITORIOUS IN THAT IT IS PROPERLY BASED IN LAW AND EVIDENTIARY FACT SUCH THAT IT WAS REASONABLY RELIED UPON BY REARDON

"The central purpose of Rule 11 is to deter baseless filings in district court and thus ... streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). Under Rule 11, a plaintiff's counsel must undertake reasonable inquiry to ensure that papers filed are "well-grounded in fact, legally tenable, and not interposed for any improper purpose," or risk sanctions. *Id.*

When determining whether a Rule 11 violation has occurred, the court should use an objective standard of reasonableness. *See MacDraw, Inc. v. CIT Group Equip. Fin., Inc.,* 73 F.3d 1253, 1257 (2d Cir.1996) (citing *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.,* 498 U.S. 533, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991)).

Haskel's Rule 11 motion should be denied because the Disqualification Motion and Reply [DE 135], respectfully incorporated herein, are well grounded in fact and law and contain extensive citations to the factual record at this juncture and case law. *See* Fed. R. Civ. P 11(c) ("if . . . the court determines that subdivision (b) has been violated, the court may... impose an appropriate sanction . . . ."); *and Perez v. Posse Comitatus*, 373 F.3d 321 (2d Cir. N.Y. 2004).

While Haskel might not like the fact that Luca is seeking to disqualify him, the Rule 11 motion fails to establish or provide any support for Haskel's claims that the Disqualification Motion was made for an improper purpose or was objectively unreasonable. *Pierce v. F.R.*

*Tripler & Co.,* 955 F.2d 820 (2d Cir. 1992) (to constitute a frivolous legal position for purposes of Fed. R. Civ. P. 11, it must be clear that there is no chance of success).

As stated in the Introduction above, Haskel relies upon speculation, supposition and conjecture, claiming that if Haskel had truly communicated with Luca as Luca alleges, Reardon would have: (1) moved for disqualification much earlier knowing the extent and nature of Haskel's consultations with Luca; (2) pursued this issue more zealously in discovery; (3) not needed to distort the facts in Luca's favor as presented in his client's affidavit; and (4) conducted better inquiry into his client's statements which would have revealed lies and discrepancies Haskel alleges to have identified.

TIMING

The Disqualification Motion was timely.  Haskel improperly reargues this point in his Rule 11 motion.  As stated in the Disqualification Reply Memorandum of Law [DE 135], the argument is meritless in the Second Circuit.

The Second Circuit has held that "[s]ince ... disqualification is in the public interest, the court cannot act contrary to that interest by permitting a party's delay in moving for disqualification to justify the continuance of a breach of the Code of Professional Responsibility." *Emle Indus., Inc. v. Patentex, Inc.,* 478 F.2d 562, 574 (2d Cir.1973); see also *Pastor v. Trans World Airlines, Inc.,* 951 F.Supp. 27, 33 (E.D.N.Y.1996) ("'In this circuit, laches is not a defense to a motion to disqualify.' " (citations omitted)); *Gov't of India v. Cook Indus., Inc.,* 422 F.Supp. 1057, 1059-60 n. 4 (S.D.N.Y.1976) ("[L]aches is normally not a defense to a motion to disqualify.").

The Second Circuit noted that in extreme cases delay in making a motion for disqualification might be given *some* weight but that "the court will not bar a claim on that

8

ground where no prejudice has resulted from the delay." *Emle Indus., Inc.*, 478 F.2d at 574 (holding that a three-year delay in filing a motion to disqualify did not warrant barring such claim where the party seeking disqualification did not demonstrate any prejudice as a result); *see also British Airways, PLC v. Port Authority of New York and New Jersey*, 862 F.Supp. 889, 901 (E.D.N.Y.1994) (holding that a two-year delay did not bar the motion where there was no demonstration of unfair prejudice); *Schwed v. General Electric Co.*, 990 F.Supp. 113, 117 (N.D.N.Y.1998) (holding that a ten-month delay did not bar the motion where there was no demonstration of prejudice and "because disqualification is in the public interest where there is an ethical violation"); *Yaretsky v. Blum*, 525 F.Supp. 24, 30-31 (S.D.N.Y.1981) (holding that a five-month delay in filing a motion to disqualify did not bar the motion); *and Baird v. Hilton Hotel Corp.*, 771 F.Supp. 24, 28 (E.D.N.Y.1991) (holding that a year delay in filing a motion to disqualify did not bar the motion where there was no evidence that the motion was inspired by dilatory tactics).[3]

In addition, the Disqualification Motion was made *after* the most compelling corroborative evidence against Haskel came to light.[4]

Haskel's attempt to create an issue of timing, works off a self-serving fictional premise that: "Luca knows he must explain why he didn't make a disqualification motion years earlier" (Haskel 6/26/09 Dec. Pg. 3) and that Reardon failed to pursue disqualification in prior cases such as the Omni case (Haskel 6/26/09 Dec. Pgs. 8 & 9). Since it is solely within Reardon's province

---

[3] The sole grounds asserted by Haskel that the Disqualification Motion was filed for an improper purpose of harassment and delay is that said Motion was made "at a time when Fairfield was in the midst of applying...to amend its pleading against defendant[s] Moberg...and on the heels of the Rule 56.1 Statement to which Fairfield responded." *See* Memorandum of Law in support of the Rule 11 motion. Yet Haskel does not and cannot explain in what way plaintiff is prejudiced, especially since his obligations were completed and it is solely within the province of this Court to prioritize its decisions.

[4] It is irrelevant that other defense counsel pursued the issue of disqualification at the second deposition of Donald Luth (Haskel 6/26/09 Dec. Pgs. 4 and 5). In fact, as will be discussed later, Reardon's focus has always been on the substance of Luca's defense.

and discretion as to when the motion should have been made and Haskel does not argue that any real prejudice resulted from an abuse of that discretion, timing of the Disqualification Motion is not an issue for determination under Rule 11.[5]

## DISCOVERY

Haskel attempts to show *by assumption* that Luca must have manufactured an attorney-client relationship with him because otherwise Reardon would have pursued the issue further when given the opportunity during discovery.  Reardon's passivity however has no bearing whatsoever upon the veracity of Luca's statements. This Court can surmise Luca is lying about having consultations with Haskel because Luca said he'd told Reardon earlier in the litigation about it and Reardon then did not pursue it in discovery which might have revealed a conflict of interest at that time.  (Haskel 6/26/09 Dec. Pgs. 3-5).

Notwithstanding, as set forth in the supporting Reardon Declaration in Opposition submitted herewith, Reardon's focus was and has been on the merits of Luca's defense and not on finding a way to somehow dispose of opposing counsel.  In fact, as correctly noted by Haskel, the corroborative evidence came to Reardon in unsolicited fashion, through the questioning of Donald Luth at his most recent deposition, which was conducted mostly by other defense counselors in this action.[6]

## DISTORTION

Reardon did not "distort" any facts in the Disqualification Motion.  Rather, Reardon prepared and filed the Motion as an advocate for Luca, satisfying his ethical obligation to place the matter before the Court in a form most advantageous to Luca's cause and with the greatest

---

[5] Haskel's overly vigorous and frivolous posturing as to timing is likely fueled by that fact that he is representing Fairfield on a contingency fee basis, such that disqualification at this juncture would preclude recovery of considerable legal fees that have no doubt accumulated to a considerable sum.
[6] As stated, this demonstrates Reardon's lack of interest in disqualifying Haskel.

likelihood of success.  Haskel alleges that Reardon "seriously distorts these [Haskel's] alleged admissions" [that Haskel never admitted to "consulting" with Luca on Tvili since said term implies Haskel gave Luca personal advice].  (Haskel 6/26/09 Dec. Pg. 7).

This proposition is a futile exercise in linguistic hyperbole and semantics.  Without proof or justification of any kind, Haskel contends that Reardon's use of the term "consultation" was purposefully designed to twist Haskel's admission that he and Luca had "communications" with regard to the defense of the Tvili matter which included Luca's "discussion" of topics that also relate to the instant action, which facts were voluntarily placed in the pleadings in this action by Haskel.

REASONABLE INQUIRY

As set forth in Reardon's Declaration, Reardon's inquiry of the facts presented in the Luca Affidavits submitted in support of the Disqualification Motion were not unreasonable in light of the objective evidence presented. [DE 123].

Counsel is entitled to rely on the objectively reasonable representations of their clients, *Hadges v. Yonkers Racing Corp.,* 48 F.3d 1320, 1329 (2d Cir.1995) and all doubts must be resolved in favor of the signer of the pleading or motion. *Rodick v. City of Schenectady,* 1 F.3d 1341 (2d Cir.1993) (citing *Associated Indem. Corp. v. Fairchild Indus.,* 961 F.2d 32, 34 (2d Cir.1992)).

As explained in *Barth v. Kaye,* 178 F.R.D. 371 (N.D.N.Y 1998), the test as to whether an attorney [or party] made a reasonable inquiry prior to signing a pleading is an objective standard of reasonableness under the circumstances at the time the attorney [or party] acted. *See also Oliveri v. Thompson*, 803 F.2d 1265 (2d Cir. 1986).

Haskel contests Luca's averment that he gave Luca advice and counsel on the Tvili Banking Department Proceeding stating:

> "...unbeknownst to Luca and Reardon, my first Involvement in this case [Tvili] was in January, 2006".

> "Insofar as the Tvili Banking Proceeding was apparently  closed before I began representing Fairfield in the Tvili Case,
> it was impossible for me to have consulted with Fairfield,  or anyone else, concerning the defense of that proceeding."

True or not, how could Reardon make inquiry or search for information that was solely within the peculiar purview of Haskel?  Furthermore, no evidence existed at the time of the Disqualification Motion that would have forced Reardon to question Luca's representations.  In fact, upon recent inquiry of Luca, Reardon was advised that Luca does not have any

12

documentation from the Tvili Banking Proceeding. *See* Reardon Declaration in Opposition submitted herewith.[7]

A lawyer must have a "firm factual basis" for suspecting his client of perjury. *United States v. Johnson*, 555 F.2d 115 (3d Cir. 1977). Such basis did not exist for Reardon to suspect Luca.

OBJECTIONS

Haskel's claim that Reardon's use of his associate, Leonard Gehkman's objections at the second deposition of Donald Luth to questions concerning the communications and relationship between Luca and Haskel as evidence "of some kind of admission that my firm [Haskel] represented Luca," (Haskel 6/26/09 Dec. Pg. 10), is completely misplaced.

Reardon did not raise the objections in the Disqualification Motion for evidentiary purposes to prove the truth of the matter asserted (Haskel represented Luca), but rather to justify an objective assessment as to the validity of Luca's claims. Reardon reasonably assumed that Mr. Gehkman's position revealed his (and/or Haskel's) underlying belief that Haskel's communications with Luca were deserved of the protections of privilege which seemed to corroborate Luca's position making the filing of the Disqualification Motion more sound. *See* Reardon Declaration in Opposition.

LUCA

As stated above, Luca's affidavits do not present any discrepancies or misstatements. Rather, Haskel employs semantics to create the impression that Luca is lying by using the term "representation" in the strictest sense (i.e. that Haskel was never Luca's attorney of record, nor ever appeared for Luca before any court or government body) knowing full well that Luca's

---

[7] Apparently Haskel did not secure any documents to support his self-serving claim that it is not simply a matter of "my [Haskel's] word against that of Luca." (Haskel 6/26/09 Dec. Pg. 7).

statements concerning "representation" meant, in the context of those statements, advice and counsel.

For example, Haskel declares that:

> "I swore that I repeatedly *represented* only Fairfield in the Tvili Case, never *represented* Luca or even Fairfield in connection with the Tvili Banking Department Proceeding..." (emphasis provided)

(Haskel 6/26/09 Dec. Pg. 2); and

> "In Luca's Reply Aff., Luca now admits 'Haskel correctly states that he did not represent me against the NYS Banking Department."

(Haskel 6/26/09 Dec. Pg. 5).

> "Luca's prior statements that I represented him before a government body could not have been innocent."

(Haskel 6/26/09 Dec. Pg. 6).

However, Luca never swore that Haskel appeared for him nor filed any paper on his behalf with any court or government body. Thus Luca never retracted or retreated from any prior statement he'd made. Instead, Luca consistently makes it clear that Haskel's representation was relegated to advice and counsel:

> "I had numerous consultations with Haskel relevant to the underlying facts that make up the complaint of the NYS Banking Department."

(Luca 5/7/09 Aff. Pg. 2).

> "While Haskel correctly states that he did not represent me against the NYS Banking Department, we had several consultations as to what position I should take..."

(Luca 5/7/09 Aff. Pg. 2).

> "Subsequently, I had several consultations with Mr. Haskel relevant to the...underlying facts that make up the complaint to the Banking Department."

(Luca 5/7/09 Aff. Pg. 2).

14

"I verily believed that Haskel was, and acted as my separate counsel with regard to the defense of the Tvili matter and advice and representation relating to the: (i) Banking Department complaint; (ii) Branch Manager Agreement..." [8]

(Luca 5/7/09 Aff. Pg. 5).

---

[8] In fact, it is obvious that Luca consistently used the terms representation and defense in the context of advice and counsel since Luca refers to the Branch Manager Agreement and the defense of Tvili, where there is no dispute as to the meaning of the term "representation".

## CONCLUSION

For these reasons, this Court should deny Haskel's Rule 11 Motion without additional waste of the Court's or the parties' resources. As the Advisory Committee Notes to Rule 11 expressly state "the court should not ordinarily have to explain its denial of a motion for sanctions." *See Perez*, 373 F.3d at 327.

Dated: East Meadow, New York
       July 24, 2009

                    BURNS, RUSSO, TAMIGI &
                    REARDON, LLP

                    Attorneys for Defendants
                    LUCA, SHAW ELITE, LLC AND SIMPLY
                    ELITE, LLC.

                    By_____
                       ALAN J. REARDON (AR1811)
                       390 Old Country Road
                       Garden City, N.Y. 11530
                       516 746 7371

TO:    LAW OFFICES OF MICHAEL A. HASKEL
       Attorneys for Plaintiff
       167 Willis Avenue
       Mineola, NY 11501
       (516) 294-0250

       KEITH A. LAVELLEE, ESQ.
       Attorney for Defendants
       DELLAPINA and MEDALLION
       4 West Gate Road
       Farmingdale, NY 117335

       KAUFMAN BORGEEST & RYAN, LLP
       Attorneys for Defendants
       MOBERG and MOBERG & ASSOCIATES, PLLC
       99 Park Avenue, 19th Fl.
       New York, NY 10016

KENNETH S. PELSINGER, ESQ.
Attorney for Defendants
GIACCONE, SHAW MORTGAGE GROUP, INC.,
FORTE, JACOBSON and BLM CONSULTING LLC
1900 Hempstead Turnpike, Suite 304
East Meadow, NY 11554

17