```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
FAIRFIELD FINANCIAL MORTGAGE GROUP,
INC.,

                Plaintiff,            MEMORANDUM AND ORDER
                                      06-CV-5962 (JS)(WDW)
        -against-

JAMES R. LUCA, ERIC FORTE, DAVID
JACOBSON, CANDICE GIACCONE, MICHAEL J.
MOBERG, MOBERG & ASSOCIATES, PLLC,
SHAW MORTGAGE GROUP, INC., SHAW
ELITE, LLC, SIMPLY ELITE, LLC, CARLO
DELLAPINA, MEDALLION ABSTRACT, LLC,
and BLM CONSULTING, LLC,

                Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:    Michael A. Haskel, Esq.
                  Leonid Gekhman, Esq.
                  Law Offices of Michael A. Haskel
                  167 Willis Avenue
                  Mineola, NY 11501

For Defendants:   Alan Joseph Reardon, Esq.
                  Burns, Russo, Tamigi & Reardon, LLP
                  390 Old Country Road
                  Garden City, NY 11566

                  Kenneth S. Pelsinger, Esq.
                  Kenneth S. Pelsinger, PC
                  1900 Hempstead Turnpike
                  Suite 208
                  East Meadow, NY 11554
```

SEYBERT, District Judge:

Pending before the Court is a Report and Recommendation ("R&R") issued by the Honorable Magistrate Judge William D. Wall recommending that the answers of Defendants Eric Forte, David Jacobson, and Shaw Mortgage Group, Inc. (collectively, the "Shaw Defendants") be stricken and default judgments be entered for the

Shaw Defendants' noncompliance with the Court's discovery orders. Additionally pending is a motion to disqualify Plaintiff's counsel filed by Defendant James R. Luca ("Luca") and a motion for sanctions against Luca filed by Plaintiff. For the reasons stated below, the Court adopts Judge Wall's R&R in its entirety, denies Luca's motion to disqualify, and grants in part and denies in part Plaintiff's motion for sanctions.

I. <u>Motion for Sanctions</u>

   A. <u>Background</u>

On November 19, 2008 ("November 2008 Order), Magistrate Judge Wall issued an Order fully setting forth the history of the Shaw Defendants' noncompliance with Judge Wall's discovery orders. In that Order, Judge Wall considered whether a default judgment should be entered against the Shaw Defendants for their willful noncompliance with discovery orders, but found that lesser sanctions were more appropriate at that time. Accordingly, Judge Wall ordered that the Shaw Defendants pay attorneys' fees to Plaintiff to compensate for the motions that Plaintiff made regarding the Shaw Defendants' non-compliance. Judge Wall further ordered that the Shaw Defendants produce all responsive documents in their control by December 22, 2008, and stated that, if need be, he would reconsider the imposition of dispositive sanctions based upon the Shaw Defendants' responses. Thereafter, Plaintiff renewed its motion for sanctions. The Shaw Defendants did not oppose

Plaintiff's motion.

Judge Wall held a hearing on February 23, 2009, during which counsel for Plaintiff and the Shaw Defendants were present. On February 24, 2009, the Shaw Defendants filed a document responding to Judge Wall's Order that should have been filed no later than December 22, 2009. Judge Wall held that he would not consider the document because it was filed two months late and did not contain sworn statements by the Shaw Defendants, as required by Judge Wall's order.

Judge Wall outlined the Shaw Defendants' continued non-compliance with the Court's discovery orders in a thorough manner in his R&R, and therefore, the Court will not recite them in detail. In summary, counsel for Plaintiff repeatedly contacted the Shaw Defendants regarding their outstanding discovery obligations. After a few fruitless discussions, Plaintiff informed the Shaw Defendants that it would file a motion for sanctions if it did not hear from the Shaw Defendants by the close of business on January 29, 2009. Plaintiff did not hear from the Shaw Defendants, and as a result, filed a motion for sanctions requesting that a default judgment be entered against the Shaw Defendants for their repeated non-compliance of the Court's orders.

In his R&R, Judge Wall found that the evidence at the hearing revealed that Defendant Candice Giaccone ("Giaccone") had complied with the outstanding discovery orders, but the Shaw

Defendants had not. As a result, Judge Wall recommended that no sanctions be imposed against Defendant Giaccone. As to the Shaw Defendants, Judge Wall found that "the court has reached the point where there is no other viable option than to recommend entry of default." Judge Wall further recommended an award of $300 as reasonable costs for Plaintiff.

B. <u>Standard of Review</u>

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." <u>Walker v. Vaughan</u>, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate's report and recommendation within ten days of receiving the recommended disposition. <u>See</u> F<small>ED</small>. R. C<small>IV</small>. P. 72(b). Upon receiving any timely objections to the magistrate's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C); <u>see</u> <u>also</u> Fed. R. Civ. P. 72(b). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object. <u>See</u> <u>Barratt v. Joie</u>, No. 96-CV-0324, 2002 U.S. Dist. LEXIS 3453, at *2 (S.D.N.Y. March 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's

report, the Court must conduct a de novo review of any contested sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008). Furthermore, even in a de novo review of a party's specific objections, the court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." Kennedy v. Adamo, 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. 2006).

C. Defendants' Objections

Defendants Forte and Jacobson filed objections to Judge Wall's R&R arguing that Judge Wall's sanctions were erroneous, unduly severe, and contrary to the law. Defendants' argument that Judge Wall's R&R is "erroneous" is essentially a rehash of Defendants' claims that they complied with all discovery orders. These arguments were either made, or certainly could have been made, to the Magistrate Judge in the first instance and are inappropriate at this stage. "'[S]ystemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round

. . .,' de novo review means that, 'at most, the party aggrieved is entitled to a review of the bidding rather than to a fresh deal . . . [it] does not permit a litigant to present new initiatives to the district judge.'" Kennedy v. Adamo, No. 02-CV-1776, 2006 U.S. Dist. LEXIS 93900, at *3 (E.D.N.Y. 2006)(quoting Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988).

Defendants next argue that Judge Wall's R&R is severe and contrary to the law, and that Judge Wall's recommendation that the Court issue a default judgment is an abuse of discretion. The Court has conducted a thorough de novo review of Judge Wall's R&R and finds that Judge Wall did not err in recommending the issuance of a default judgment. Although a default judgment is certainly a severe sanction, "the most severe in the spectrum of sanctions . . . must be available to the District Court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.'" Paine, Webber, Jackson & Curtis, Inc. v. Inmobiliaria Melia de Puerto Rico, Inc., 543 F.2d 3, 6 (2d Cir. 1976) (quoting National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976)).

It is clear from the record here that the Shaw Defendants have repeatedly failed to comply with Judge Wall's Orders, and that

the Shaw Defendants were warned that Judge Wall would consider recommending dispositive sanctions if the Shaw Defendants continued to disregard the Court's orders. "'[D]iscovery orders are meant to be followed and [a] party who flouts such orders does so at his peril.'" Bambu Sales v. Ozak Trading, 58 F.3d 849, 853 (2d Cir. 1995) (quoting Update Art, Inc. v. Modiin Publishing, Ltd., 843 F.2d 67, 73 (2d Cir. 1988)). The Court finds that Judge Wall's recommendation that the Court strike the Shaw Defendants' Answer, enter a default judgment, and award $300 in reasonable costs to Plaintiff is warranted. Accordingly, the Court ADOPTS Judge Wall's R&R over the Shaw Defendants' objections.

D. Plaintiff's Objections

Plaintiff objects to the portion of Judge Wall's R&R recommending that no sanctions be imposed against Defendant Giaccone. Judge Wall found that Giaccone had sufficiently complied with the outstanding discovery orders and thus sanctions were not warranted against her. Plaintiff's objections reiterate its argument that Giaccone has repeatedly failed to comply with outstanding discovery orders. According to Plaintiff, Judge Wall ordered in his November 2008 Order that Giaccone, along with the Shaw Defendants, comply with all outstanding discovery orders. Plaintiff maintains that it has not received any documents from Giaccone since the November 2008 Order, and therefore Giaccone, as with the Shaw Defendants, has failed to comply with Judge Wall's

7

discovery orders. Plaintiff argues that the same facts supporting Judge Wall's recommendation that a default judgment be entered against the Shaw Defendants should support a similar recommendation against Giaccone.

At the hearing, it was established that Giaccone was merely a processor at the office during the years in which Plaintiff requested further documents. Counsel for Defendants Luca, Shaw Elite, and Simply Elite stated that Giaccone could not have any documents in her possession beyond the documents already produced because her role in the company during that time was minimal. These facts differentiate Giaccone's situation from that of the Shaw Defendants. It is clear to the Court that Judge Wall correctly found that Giaccone was in compliance with the Court's orders because she simply did not have any further documents in her possession.

Plaintiff maintains that Giaccone was also in non-compliance because she should have issued an affidavit, in accordance with Judge Wall's November 2008 Order, explaining that she did not possess any further documents. However, Plaintiff already made this argument to Judge Wall during the hearing. Although Plaintiff is correct that Giaccone did not comply with Judge Wall's order that she issue an affidavit, this minor non-compliance does not warrant a severe dispositive sanction. Rather, the Court finds that Judge Wall's R&R correctly determined that

sanctions were not merited against Giaccone. Accordingly, the Court ADOPTS the portion of the R&R recommending that Plaintiff's motion for sanctions be denied as to Giaccone.

II. Motion for Disqualification of Counsel

On May 7, 2009, Defendant Luca filed a motion to disqualify Michael A Haskel, Esq. ("Haskel") as counsel for Plaintiff in this matter. Luca maintains that Haskel either concurrently or previously represented Luca and Fairfield in a case currently pending before this Court, Tvili v. Fairfield Financial Mortgage Group, Inc., et al., No. 06-CV-0162 (JS)(AKT), and therefore Haskel cannot represent Fairfield in its instant litigation against Luca.

Disqualification of a party's chosen counsel is a severe decision, and "[u]nless there is a risk of taint to a court proceeding, courts are quite hesitant to disqualify an attorney from representing his client in litigation." Med. Diagnostic Imaging, PLLC v. CareCore Nat'l, LLC, 542 F. Supp. 2d 296, 306 (S.D.N.Y. 2008). "Courts are reluctant to grant such motions because they are often tactically motivated, cause undue delay, add expense, and have 'an immediate adverse effect on the client by separating him from counsel of his choice. . . .'" Drag Racing Technologies, Inc. as D.R.T., Inc. v. Universal City Studios, Inc., 2003 WL 1948798, at * 2 (S.D.N.Y. 2003) (quoting Board of Education v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979)). However, although

disqualification is rare, there are times where it may be warranted to "maintain the highest standards of the profession." Hempstead Video, Inc. v. Inc. Vill. of Valley Stream, 409 F.3d 127, 132 (2d Cir. N.Y. 2005). Finally, "[w]hen a party moves for the disqualification of his adversary's attorney, 'any doubt is to be resolved in favor of disqualification.'" Blue Planet Software, Inc. v. Games Int'l, LLC, 331 F. Supp. 2d 273, 275 (S.D.N.Y. 2004) (quoting Hull v. Celanese Corp., 513 F.2d 568, 571 (2d Cir. 1975)).

Although not binding, "disqualification motions often benefit from guidance offered by the American Bar Association (ABA) and state disciplinary rules." Id., 409 F.3d at 132. Canon 4 of the New York Lawyer's Code of Professional Responsibility states that a "lawyer should preserve the confidences and secrets of a client" and Canon 9 cautions that a "lawyer should avoid even the appearance of impropriety." However, "with rare exceptions[,] disqualification has been ordered only in essentially two kinds of cases: (1) where an attorney's conflict of interests . . . undermines the court's confidence in the vigor of the attorney's representation of his client, . . . or more commonly (2) where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation, . . . thus giving his present client an unfair advantage." Board of Education v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979) (internal citations and quotations omitted).

The Second Circuit has guided that in cases involving successive representation, an attorney may be disqualified if:

> (1) the moving party is a former client of the adverse party's counsel;
>
> (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and
>
> (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client.

Hempstead Video, 409 F.3d at 133 (citing Evans v. Artek Sys. Corp., 715 F.2d 788, 791 (2d Cir. 1983)).

The Court has reviewed Defendant Luca's arguments and finds that there is absolutely no basis for disqualification of Plaintiff's counsel. At the outset, the Court notes that Tvili was closed on July 16, 2007, and therefore is not currently pending before the Court. See Tvili, No. 06-CV-0162, Docket No. 44. Additionally, Luca was not a named Defendant in the Tvili matter. There is no evidence to show that Luca was a former client, nor has Luca shown that the subject matter of the Tvili case is substantially similar to the subject matter here, or that Haskel had access to relevant privileged information. Simply put, there is no evidence of successive representation.

Nor has Luca provided the Court with any other basis for disqualification. Haskel's representation of Fairfield at a time

when Luca was an employee at Fairfield does not disqualify Haskel from representing Fairfield against Luca. "Unless the parties have expressly agreed otherwise in the circumstances of a particular matter, a lawyer for a corporation represents the corporation, not its employees." Talvy v. American Red Cross, 205 A.D.2d 143, 149 (N.Y. App. Div. 1st Dep't 1994). Luca has not presented any evidence to dispute the fact that Haskel represented Fairfield in the Tvili matter, and not Luca. It would be unreasonable for Luca to believe that any information he provided to Haskel in the course of Haskel's representation of the corporation would be kept confidential. See Wayland v. Shore Lobster & Shrimp Corp., 537 F. Supp. 1220, 1223 (S.D.N.Y. 1982) ("[Plaintiff's] argument that the firm must be disqualified because it may have been exposed to confidential information from [plaintiff] while he was employed . . . is unpersuasive since, in the circumstances of [the law firm's] representation, it is clear that the firm was representing the corporation and thus [plaintiff] could not have reasonably believed or expected that any information given to the firm would be kept confidential from the other shareholders or from the corporation as an entity."). Thus, the Court DENIES Luca's motion for disqualification of Plaintiff's counsel.

III. Motion for Sanctions Against Luca

On July 20, 2009, Plaintiff filed a motion for sanctions arguing that this Court should impose sanctions on Luca and Luca's

12

counsel, Alan J. Reardon ("Reardon") for filing a baseless and vexatious motion to disqualify Plaintiff's counsel. Plaintiff maintains that the motion to disqualify has no basis in law or in fact, and further argues that Luca made substantial misrepresentations to this Court in support of his motion to disqualify.

Under Fed. R. Civ. P. 11(a)(2), an attorney who files pleadings in federal court is presumed to certify that the pleading's "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." It is well established that "[t]he decision whether to impose a sanction for a Rule 11(b) violation is . . . committed to the district court's discretion." Perez v. Posse Comitatus, 373 F.3d 321, 325 (2d Cir. 2004). Even where the Court determines the existence of a Rule 11(b) violation, a district court is not required to impose sanctions. See id.

Reardon has an ethical duty to review all submissions to this Court. The Court agrees with Plaintiff that Luca's motion to disqualify counsel has no basis in law or in fact and should not have been filed. Accordingly, the Court awards Plaintiff $300 as reasonably attorneys' fees for having to respond to counsel for Luca's motion to disqualify. The Court declines to award sanctions against Defendant Luca personally.

13

CONCLUSION

For the reasons stated above, the Court adopts Magistrate Judge Wall's R&R in its entirety (Docket Entry No. 102), grants in part and denies in part Plaintiff's motion for sanctions (Docket Entry No. 98), denies Luca's motion to disqualify counsel (Docket Entry No. 123), and grants in part and denies in part Plaintiff's motion for sanctions against Luca (Docket Entry No. 140).

Defendants Forte, Jacobson, and Shaw Mortgage Group's Answers are hereby stricken. Plaintiff is directed to file a proper motion for default judgment against the Shaw Defendants, containing a Certificate of Default so that the Clerk's Office may note the default, on or before October 16, 2009. Plaintiff shall also file supporting documentation for any damages and/or fees requested.

Additionally, Plaintiff is awarded $300 as reasonable cost as against the Shaw Defendants, and $300 as reasonable costs for having to oppose Defendant Luca's baseless motion to disqualify.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
          September  30 , 2009