UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FAIRFIELD FINANCIAL MORTGAGE
GROUP, INC.,

                         Plaintiffs,                     **REPORT AND**
                                                             **RECOMMENDATION**
       -against-                                CV 06-5962 (JS) (AKT)

JAMES R. LUCA, ERIC FORTE,
DAVID JACOBSON, CANDICE GIACCONE,
MICHAEL J. MOBERG, MOBERG &
ASSOCIATES, LLC, SIMPLY ELITE, LLC,
CARLA DELLAPINA, MEDALLION
ABSTRACT, LLC, and
BLM CONSULTING, LLC,

                              Defendants.
----------------------------------------------------------X

**A. KATHLEEN TOMLINSON, United States Magistrate Judge:**

        Before the Court, on referral from District Judge Seybert, is the plaintiff's motion for default judgment and damages against defendants Eric Forte, David Jacobson and Shaw Mortgage Group, Inc. ("the Shaw defendants"). For the reasons set forth below, I am respectfully recommending to Judge Seybert that default judgment be entered but that the award of damages be deferred until the claims against the remaining defendants have been determined.

## BACKGROUND

        The motion for default judgment goes back to earlier motions by the plaintiff against the Shaw defendants for a finding of contempt and the imposition of sanctions based on various discovery abuses. After the Shaw defendants failed to comply with discovery orders and failed to heed the warnings of the likely consequences of their failures, Magistrate Judge Wall issued a Report and Recommendation that their answers be stricken and default judgment be entered. DE[102]. Judge Seybert adopted the Report and Recommendation by Order dated September 30, 2009, but ordered the plaintiff to make a more formal motion for a default judgment. DE[148].

The plaintiff did so on October 16, 2009, and the Clerk of the Court noted the defaults in the docket on that same day. Consideration of the motion was stayed while the matter was on appeal to the Second Circuit. The appeal was dismissed in February 2010, and a formal inquest hearing was held before the undersigned between May 26-28, 2010. The defendants did not file opposition to the motion for default judgment, but the memorandum of law in support of their motion for reconsideration of Judge Seybert's adoption of Judge Wall's Report and Recommendation addressed some of the issues before the Court on this motion, and I have considered that memorandum in reaching my conclusions herein. *See* DE [171].

## DISCUSSION

**Entry of Default Judgment:**

I recommend that a default judgment be entered against the three defendants - Eric Forte, David Jacobson and Shaw Mortgage Group. Entry of a default judgment is "appropriate when the adversary process has been halted because of an essentially unresponsive party." *Cadlerock Joint Venture, L.P. v. Prado,* No. 07-CV-1207, 2008 WL 4561611, at *2 (E.D.N.Y. Oct. 7, 2008) (internal quotation marks and citations omitted). In the Report and Recommendation issued by Judge Wall and adopted by Judge Seybert, Judge Wall recommended that the answers of the Shaw defendants be stricken for their repeated failures to obey discovery orders. Thus, the Shaw defendants are in the same position as a party who has halted the adversary process by not answering, and a district court may enter a default judgment "when a party has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure." *United States v. Brow,* 267 Fed. Appx. 96, 2008 WL 542496, *1 (2d Cir. Feb. 29, 2008) (citing Fed. R. Civ. P. 55).

Just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right. *Bravado Int'l Group Merchandising Servs., Inc. v. Ninna, Inc.*, 655 F. Supp.2d 177, 186 (E.D.N.Y. Aug. 27, 2009) (citing *Erwin DeMarino Trucking Co. v. Jackson,* 838 F. Supp. 160, 162 (S.D.N.Y. 1993)). The court has significant discretion and may consider a number of factors when deciding whether to enter a default judgment, including "'whether the grounds for default are clearly established' and 'the amount of money potentially involved' - the more money involved, the less justification for entering a default judgment." *Id.* (citing *Hirsch v. Innovation Int'l Inc.*, 1992 WL 316143, at *2)). The court may also consider whether material issues of fact remain, whether the facts alleged in the complaint state a valid cause of action, whether plaintiff has been substantially prejudiced by the delay involved, and how harsh an effect a default judgment may have on the defendant. *Id.* (citing *Au Bon Pain v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir. 1981)). Other courts have phrased the factors to consider as: "(1) the amount of money involved; (2) whether issues of fact or of substantial public importance are at stake; (3) whether the default is largely technical; (4) whether the plaintiff has been substantially prejudiced by the delay; (5) whether the grounds for default are clearly established; (6) whether the default was caused by a good-faith mistake or excusable neglect; (7) how harsh an effect default would have; and (8) whether the court believes it later would be obligated to set aside the default on defendant's motion." *Trustees of Local 7 Tile Industry Welfare Fund v. AC Tile Corp.,* No. CV 07-5414, 2010 WL 1270010, *1 (E.D.N.Y. Mar. 30, 2010). In weighing the factors, a party moving for default judgment is entitled to "all reasonable inferences in its favor." *Bravado,* 655 F. Supp. 2d at 188 (quoting *Finkel v. Romanowicz,* 577 F.3d 79, 84 (2d Cir. 2009)).

Here, the factors support entry of default judgment.  The grounds for a default are clearly established – the defendants' repeated failures to comply with discovery obligations and court orders – and those failures were willful, not a good faith mistake, excusable neglect or purely technical default.  Further, the progress of this four year old case has been seriously delayed by the acts of the defaulting defendants, to the plaintiff's prejudice.  As to the amount of money involved, the plaintiff seeks a substantial amount of damages, but the amount is not out of proportion to the profits made by the defaulting defendants, and any material issues of fact that remain in regard to the computation of damages will be addressed as the case proceeds against the non-defaulting defendants.  Although the award of damages will no doubt have a harsh effect on the defendants, they have not come forward with any evidence or argument that the effect would be so harsh as to justify the denial of a default judgment, and the defendants are, in any event, responsible for the default and its economic ramifications.  Moreover, the facts set forth in the Second Amended Complaint, the operative pleading, state causes of action for breach of duty of loyalty by Jacobson and Forte and unfair competition by Shaw.  Finally, it is unlikely, on the record before the Court, that the default would be set aside.  Under these circumstances, I recommend that the motion for default judgment be granted as to Forte, Jacobson and Shaw.

**Default Damages**:

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.), *cert. denied,* 506 U.S. 1080 (1993).  A default "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct:  that is, the acts pleaded in a complaint violated the laws upon which a claim is

based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Lockshin,* 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The burden is on the movant to establish its entitlement to recovery, but the movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159. To that end, the plaintiff must "prove damages at an evidentiary proceeding at which the defendant has the opportunity to contest the claimed damages." *Bravado*, 655 F. Supp. 2d at 189-90. "While 'the court must insure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id.* at 190 (quoting *Fustok v. Conticommodity Servs., Inc.,* 122 F.R.D. 151, 156 (S.D.N.Y. 1988**)**, *aff'd*, 873 F.2d 38 (2d Cir. 1989)).

The calculation of damages against the three defaulting defendants here is complicated by the presence of several non-defaulting defendants. In a situation "where some but not all defendants have defaulted, the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments." *Montcalm Publ'g Corp. v. Ryan*, 807 F. Supp. 975, 978 (S.D.N.Y. 1992) (quoting *Friedman v. Lawrence*, 1991 WL 206308, at *4 (S.D.N.Y. Oct. 2, 1991)). "This principle derives from the Supreme Court's decision in 1872 in *Frow v. De La Vega*, 82 U.S. 552 (1872). The *Frow* holding has been narrowed to cases involving true joint liability. Nonetheless, courts have also consistently delayed damages inquests even where a plaintiff seeks joint and several liability in order to avoid the problems of dealing with inconsistent damages determinations. *Harvey v. Home Savers Consulting Corp.*, No. 07-CV-2645, 2008 WL 724152, at *1 (E.D.N.Y. Mar. 17, 2008) (internal citations and quotations omitted); *see also Long Island*

*Hous. Services v. Greenview Properties, Inc.*, No. 07 CV 0352, 2008 WL 150222, at *2 (E.D.N.Y. Jan. 11, 2008) ("When there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved."); *Lawrence v. Vaman Trading Co., Inc.*, 1993 WL 190266, at *2 (S.D.N.Y. May 28, 1993) (same).

Lawrence Vollaro, the CPA relied on by the plaintiff in support of its claimed damages, has explained how he calculated those damages. He states that he based his calculations of the damages on, *inter alia*: "(e) [c]ompensation paid by Fairfield to Luca while Forte and Jacobson assisted in Luca's breach of his fiduciary duty to Fairfield; (f) profits obtained by Shaw when Forte and Jacobson assisted in Luca's breach of fiduciary duty by diverting loans from Fairfield to Shaw, or, in the alternative, Fairfield's lost profits as a result of loans being diverted from Fairfield to Shaw; and secret profits derived by Fairfield's employees and/or fiduciaries from Medallion Abstract LLC; and (g) [s]ecret profits derived by Fairfield's employees and/or fiduciaries from Medallion Abstract LLC. . ." Vollaro Decl., DE[149-4], ¶3. Clearly, the claimed damages rest in large part on as yet unproven allegations against non-defaulting defendants and their award should be deferred. It should be noted that the testimony adduced at the inquest, along with the substantial exhibits introduced, are preserved for a final determination of damages at the appropriate time.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel by electronic filing on the date below. Plaintiff's counsel is directed to serve a copy of this Report on the defaulting

defendants by certified mail, return receipt requested, and to electronically file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).


Dated: Central Islip, New York
August 23, 2010

    /s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge