```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
FAIRFIELD FINANCIAL MORTGAGE GROUP,
INC.,

                Plaintiff,              MEMORANDUM & ORDER
                                        06-CV-5962(JS)(WDW)
        -against-

JAMES R. LUCA, ERIC FORTE, DAVID
JACOBSON, CANDICE GIACCONE, MICHAEL
J. MOBERG, MOBERG & ASSOCIATES, PLLC,
SHAW MORTGAGE GROUP, INC., SHAW ELITE,
LLC, SIMPLY ELITE, LLC, CARLO DELLAPINA,
MEDALLION ABSTRACT, LLC and BLM
CONSULTING LLC,

                Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:          Michael A. Haskel, Esq.
                        Brandon Maxwell Zlotnick, Esq.
                        Law Offices of Michael A. Haskel
                        167 Willis Avenue
                        Mineola, NY 11501

                        Leonid Gekhman, Esq.
                        Law Offices of Michael A. Haskel
                        320 Old Country Road, Suite 103
                        Garden City, NY 11530

For Defendants:

Eric Forte and          Jonathan A. Stein, Esq.
David Jacobson          132 Spruce Street
                        Cedarhurst, NY 11516

James R. Luca,          Alan Joseph Reardon, Esq.
Shaw Elite, LLC,        Burns, Russo, Tamigi & Reardon, LLP
Simply Elite, LLC       390 Old Country Road
                        Garden City, NY 11566

Candice Giaccone,       Kenneth S. Pelsinger, Esq.
Shaw Mortgage Group,    Kenneth S. Pelsinger, PC
Inc., BLM Consulting    1900 Hempstead Turnpike, Suite 208
LLC                     East Meadow, NY 11554
```

| | |
|---|---|
| Michael J. Moberg, Moberg & Associates, PLLC | Kristopher M. Dennis, Esq. Kaufman Borjecst & Ryan LLP 120 Broadway, 14th Floor New York, NY 10271 |
| Carlo Dellapina Medallion Abstract, LLC | Keith LaVallee, Esq. LaVallee & LaVallee, P.C. 4 West Gate Road Farmingdale, NY 11735 |

SEYBERT, District Judge:

Pending before the Court are (1) the Report and Recommendation ("R&R") of Magistrate Judge A. Kathleen Tomlinson recommending that a default judgment be entered against Eric Forte ("Forte"), David Jacobson ("Jacobson") and Shaw Mortgage Group, Inc., ("Shaw") and that the award of damages be deferred until the claims against the remaining defendants have been determined, and (2) the objections of Defendants Forte and Jacobson to the R&R of Magistrate Judge William D. Wall recommending that the motions to vacate the defaults against them be denied. For the reasons stated below, Judge Tomlinson's R&R is ADOPTED IN PART, Defendants Forte and Jacobson's objections to Judge Wall's R&R are OVERRULED, and, accordingly, Judge Wall's R&R is ADOPTED IN ITS ENTIRETY.

## BACKGROUND

The Court assumes familiarity with the nature and posture of this case, the facts of which are set out in the R&Rs of both Judge Tomlinson and Judge Wall. Briefly, Plaintiff

commenced this action in November 2006 alleging breach of contract and various business-related tort claims. Forte and Jacobson (the "Moving Defendants") were not named as defendants in the original Complaint, but were added as defendants in the Amended Complaint, filed on October 19, 2007. In response to motions by the Plaintiff for a finding of contempt and the imposition of sanctions against Forte, Jacobson and Shaw for repeatedly failing to comply with discovery requests, Judge Wall issued an R&R on March 13, 2009 recommending that their answers be stricken and a default judgment be entered against them. (Docket No. 102.) On September 30, 2009, this Court adopted the R&R over objections but ordered Plaintiff to make a more formal motion for a default judgment. Plaintiff filed a formal motion for default judgment on October 16, 2009 (Docket No. 167), and the Clerk of the Court entered a Certificate noting default on October 19, 2009 (Docket No. 174).

DISCUSSION

I. Standard of Review

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate's report

and recommendation within fourteen days of receiving the recommended disposition. See FED. R. CIV. P. 72(b)(2). Upon receiving any timely objections to the magistrate's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object. See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008). Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance."

4

Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006).

II. Motion for Default Judgment and Magistrate Judge Tomlinson's R&R

On October 16, 2009, Plaintiff filed a motion for default judgment against Defendants Forte, Jacobson and Shaw. (Docket No. 149.) On October 30, 2009, this Court entered default judgment against Defendants Forte, Jacobson and Shaw solely as to liability and referred the determination of damages to Judge Wall for an inquest and R&R. (Docket No. 174.) On May 20, 2010, the Court vacated the referral to Judge Wall, and instead referred the matter to Judge Tomlinson to issue an R&R on "whether the [Plaintiff's motion for default judgment] should be granted, and to determine the appropriate amount of damages, costs, and/or fees, if any, to be awarded based upon such determination." (Docket No. 215.) Judge Tomlinson conducted a three-day inquest on May 26-28, 2011 and issued an R&R on August 23, 2010 recommending (i) that default judgment be entered and (ii) that the award of damages be deferred until the claims against the remaining Defendants have been determined. (Docket No. 222.) The time for filing objections to this R&R has expired, and no party has objected.

Since no timely objections have been made, the "court need only satisfy itself that there is no clear error on the

face of the record." Urena v. New York, 160 F. Supp. 2d 606. 609-10 (S.D.N.Y. 2001) (internal quotations omitted). The Court declines to adopt Judge Tomlinson's recommendation that a default judgment be entered, <u>not because there is clear error</u>, but because the issue should never have been referred. This Court granted default judgment on October 30, 2009; therefore, no referral was necessary. The Court finds the remainder of Judge Tomlinson's R&R to be correct, comprehensive, well-reasoned, and free of any clear error. As such, Judge Tomlinson's recommendation that the calculation and award of damages be deferred until the claims against the remaining Defendants have been determined is ADOPTED.

III. <u>Motion to Vacate Default Judgment and Magistrate Judge Wall's R&R</u>

On October 29, 2010, the Moving Defendants moved to vacate the default judgment arguing that their repeated failures to comply with orders of the court were "solely a result of the repetitive misconduct and/or incompetence of Messers. Forte's and Jacobson's prior counsel, Kenneth Pelsinger." (Docket No. 230.) The Moving Defendants also moved to compel Mr. Pelsinger to "turn over the entire contents of his file accumulated during the representation of any party in this litigation, whether the moving Defendants or others, and to certify the contents thereof to be complete and unaltered." (Docket No. 230.) The Court

referred the motions to Judge Wall for an R&R on November 3, 2010. (Docket No. 234.) A hearing was held on March 18 and 24, 2011, and, after giving the parties leave to submit post-hearing briefs, Judge Wall issued his R&R on June 21, 2011 (Docket No. 264).

Judge Wall held (1) that the motion to vacate the default judgment was untimely under Fed. R. Civ. P. 60(b); and (2) even if considered timely, the motion must be denied on the merits because the Moving Defendants' defaults were willful, the Moving Defendants failed to demonstrate a meritorious defense, and vacatur of the defaults at this stage would prejudice Plaintiff. (Docket No. 264 at 13.) Judge Wall also denied the Moving Defendants' motion to compel.

On July 5, 2011, Forte and Jacobson filed objections to Judge Wall's R&R. (Docket No. 267.) Specifically, Forte and Jacobson argue that Judge Wall erred (1) in finding that the Moving Defendants offered no explanation for their delay in moving to vacate the default judgment; (2) in relying on excerpts of Jacobson's deposition testimony and "technically defective" orders in determining that the Moving Defendants' default was willful; and (3) in denying their motion to compel.

The Court will address each of the Moving Defendants' objections in turn.

A. No Explanation for Delay

On October 29, 2011, Moving Defendants moved pursuant to Federal Rules of Civil Procedure 55(c) and 60 to vacate the default judgment entered against them. Here, where there has been not only an entry of default, but also a default judgment, Rule 60(b) provides the governing standard. See, e.g., Trustees of Local 521 Pension Fund v. Am. Indus. Gases, Inc., 708 F. Supp. 2d 272, 274 & n.1 (E.D.N.Y. 2010). Rule 60(b) provides six separate grounds for relief: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . misrepresentation or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . ; or (6) any other reason that justifies relief." Any motion under Rule 60(b) "must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1).[1]

The motion here was made one day short of a year after default judgment was granted. Judge Wall concluded that Defendants' delay in moving to vacate was unreasonable and noted that "[Defendants] have offered no explanation for that delay,

---

[1] Defendants do not specify under which subsection of Rule 60 they are moving to vacate. The Court agrees with Judge Wall that the only applicable sections to the facts of the present case are subsections (1) and (6).

8

either in their papers or at the hearing, other than to say that they requested documents relating to this case from Pelsinger and did not timely receive them." (Docket No. 264 at 9.) The Court has reviewed de novo Defendants' Objection to Judge Wall's conclusion, and Defendants' Objection is OVERRULED.

Under Rule 60(b)(1), a motion must be made "within a reasonable time, and . . . not more than one year" after the judgment sought to be vacated was entered. Further, "[a]lthough the fact that a motion [i]s made barely within the one-year time limit gives the court the [p]ower to entertain it, as the delay in making the motion approaches one year there should be a corresponding increase in the burden that must be carried to show that the delay was 'reasonable.'" Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation, 605 F.2d 648, 656 (2d Cir. 1979). "What is reasonable will vary from case to case and depends on, among other things, whether the adverse party has been prejudiced and whether the moving party had some good reason for his failure to take appropriate action sooner." Gouldbourne v. J.F. Jelenko & Co., No. 98-CV-7243, 2000 WL 546762, at *1 (S.D.N.Y. Jan. 13, 2000) (internal quotation marks and citation omitted).

In the instant case, because Defendants filed their motion to vacate the default judgment "barely within the one-year time limit," Defendants face "a corresponding increase in

the burden that must be carried to show that the delay was 'reasonable.'" Amoco Overseas Oil Co., 605 F.2d at 656. Defendants assert that their delay was reasonable because "[u]nder the circumstances here, with the kind of misconduct that has been fleshed out, it was imperative to at least attempt to obtain Mr. Pelsinger's cooperation prior to leveling accusations against him." (Def. Obj. ¶ 9.) In support of their assertion, Defendants provided the Court with "a plethora of e-mail communications between Mr. Pelsinger" and Defendants' current counsel, Mr. Stein, from as early as November 16, 2009, documenting Mr. Stein's unsuccessful attempts at obtaining the case file from Mr. Pelsinger. (Stein Decl. Ex. A-M.)

The Court agrees with the Moving Defendants that some delay was warranted to attempt to obtain Mr. Pelsinger's cooperation. However, the last date of Mr. Stein's communications with Mr. Pelsinger is March 18, 2010. Defendants fail to provide any explanation as to the additional six-month delay between that date and Defendants' actually filing their motion to vacate. In fact, Mr. Stein represented to the Court on April 29, 2010 that "we will be moving shortly to vacate the default, inasmuch as the failure to provide the discovery appears to be wholly and solely the responsibility of said defendant's prior counsel, Kenneth Pelsinger." (Docket No. 186 at 1.) Further, Mr. Stein participated in the default damages

inquest in May 2010 and failed to enter any position to Judge Tomlinson's R&R, which reiterated the willfulness of the Moving Defendants' actions. Under these circumstances, the Moving Defendants have failed to meet their burden of showing that the extended delay was reasonable.[2] As such, their motion to vacate is DENIED as untimely under Rule 60(b)(1).

Judge Wall also stated that the delay was unreasonable under Rule 60(b)(6). As the Moving Defendants did not raise a specific objection to this analysis, the Court reviews it for clear error. Pall Corp., 249 F.R.D. at 51. The Court finds Judge Wall's analysis to be comprehensive, well-reasoned, and free of any clear error; therefore, the Moving Defendants' motion to vacate is DENIED as untimely under Rule 60(b)(6) as well.

---

[2] Rather, Defendants appear to blame the Court for their failure to adequately explain why their delay in moving to vacate was reasonable, stating: "Had the Court directed Mr. Pelsinger to produce his file, or had the Court inquired further about the potential production of fabricated correspondence--something well beyond the abilities of the defendants Forte and Jacobson to do, defendants might have been in a better position to explain the merits of their position." (Def. Obj. ¶ 11.) The Moving Defendants did not ask the Court to compel Mr. Pelsinger to produce his case file until they moved to vacate. Therefore, Judge Wall's ordering Mr. Pelsinger to produce the alleged remainder of his file or questioning the authenticity of those documents that were produced would not have helped the Moving Defendants explain why their delay in moving to vacate was unreasonable.

B. <u>Improper Reliance on Deposition Testimony and Technically Defective Orders</u>

The Moving Defendants also object to Judge Wall's conclusion that the motion to vacate should be denied on the merits. "In deciding a motion to vacate a default judgment, the district court is to be guided principally by three factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the non-defaulting party prejudice. <u>S.E.C. v. McNulty</u>, 137 F.3d 732, 738 (2d Cir. 1998). When an order granting default judgment is based on willful default, a motion to vacate can be denied on that basis alone. See <u>Action S.A. v. Marc Rich & Co., Inc.</u>, 951 F.2d 504, 507 (2d Cir. 1991).

The Moving Defendants argue that Judge Wall erred in relying on excerpts of Jacobson's deposition testimony and a "technically defective" order[3] in determining that the Moving Defendants' default was willful. The Court need not address whether Judge Wall should have considered the deposition testimony and the allegedly defective order because it finds,

---

[3] Moving Defendants assert that <u>all</u> of the discovery orders which the Moving Defendants violated were technically defective. (Def. Obj. ¶ 15.) Yet they only provide one example, Docket No. 18, which "contains several directives with corresponding boxes to be checked off. However, none of the boxes is actually checked off." (<u>Id.</u>) The Court has reviewed the other orders and finds that they are not technically defective.

12

after reviewing the Moving Defendants' objections de novo, that, even without considering that evidence, their default was still willful.

Not including the allegedly defective order, Moving Defendants ignored at least three additional orders compelling them to comply with Plaintiff's discovery requests related to income records and Jacobson's journal. (Docket Nos. 59, 72, 90.) Further, the Moving Defendants were present in court on July 17, 2008 when counsel for Plaintiff argued that they should be sanctioned for their failure to turn over the journal and income records, and that same day they heard Mr. Pelsinger tell the Court that the journal had not been delivered in compliance with the allegedly defective order because it was not available. (Tr. 3-7, July 17, 2008.) Yet, the Moving Defendants state in their Joint Declaration submitted in support of their motion to vacate that if "Mr. Pelsinger had, at any time, requested the tax returns and Journal from us, we would have gladly provided them to him." (Joint Decl. ¶ 14.) Thus, they knew that the journal was available, yet sat and let their attorney argue that it was not. Parties may not remain silent while their attorney makes knowingly false statements in open court and not bear the consequences. See Fed. Home Loan Mortg. Corp. v. Toles, No. 94-CV-1825, 1996 WL 19201, at *5 (E.D.N.Y. Jan. 11, 1996) ("True, the tactics were that of her counsel, but she and her children,

13

who were present at almost every court proceeding and, therefore, witnesses to their counsel's conduct, have permitted him to proceed as he has, and, therefore, must bear the consequences of his actions.") Thus, the Court finds that the Moving Defendants' default was willful, and their objections are again OVERRULED.

Additionally, the Court finds no clear error in Judge Wall's conclusions that the Moving Defendants failed to present a meritorious defense and that vacatur at this stage would prejudice Plaintiff. Therefore, Judge Wall's R&R recommending denial of the motion to vacate is ADOPTED, and the Court DENIES the Moving Defendants' motion to vacate on the merits as well as for being untimely.

C. Motion to Compel

The Moving Defendants also object to Judge Wall's denial of their motion to compel Mr. Pelsinger to produce the contents of his case file. District courts review nondispositive orders issued by a magistrate judge for clear error. FED. R. CIV. P. 72(a). Judge Wall denied the Moving Defendants' motion to compel stating that "Pelsinger was ordered to produce it at the motion hearing, and it would appear that he has produced all that he is ever going to produce in regard to Forte and Jacobson. Any further order . . . demanding production would be pointless." (Docket No. 264 at 14.) The

14

Court agrees. Finding no clear error, the Moving Defendants' objections are OVERRULED, and their motion to compel is DENIED.

## CONCLUSION

The Moving Defendants' objections to Judge Wall's R&R are OVERRULED, and Judge Wall's R&R is ADOPTED in its entirety. Therefore, the Moving Defendants' motion to vacate and motion to compel are both DENIED. Additionally, Judge Tomlinson's R&R is ADOPTED in part, and the determination of damages is deferred until the claims against the remaining Defendants have been determined.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August  12 , 2011
       Central Islip, New York