```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
FAIRFIELD FINANCIAL MORTGAGE GROUP,
INC.,

                Plaintiff,              MEMORANDUM & ORDER
                                        06-CV-5962(JS)(WDW)
        -against-

JAMES R. LUCA, ERIC FORTE, DAVID
JACOBSON, CANDICE GIACCONE, MICHAEL
J. MOBERG, MOBERG & ASSOCIATES, PLLC,
SHAW MORTGAGE GROUP, INC., SHAW ELITE,
LLC, SIMPLY ELITE, LLC, CARLO
DELLAPINA, MEDALLION ABSTRACT, LLC
and BLM CONSULTING LLC,

                Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:          Michael A. Haskel, Esq.
                        Brandon Maxwell Zlotnick, Esq.
                        Law Offices of Michael A. Haskel
                        167 Willis Avenue
                        Mineola, NY 11501

                        Leonid Gekhman, Esq.
                        Law Offices of Michael A. Haskel
                        320 Old Country Road, Suite 103
                        Garden City, NY 11530

For Defendants
James R. Luca:          James R. Luca, pro se
                        2215 Sherman Avenue
                        Merrick, NY 11566

Eric Forte:             Eric Forte, pro se
                        2463 Fortesque Avenue
                        Oceanside, NY 11572

David Jacobson:         David Jacobson, pro se
                        3139 Benjamin Road
                        Oceanside, NY 11572
```

```
Candice Giaccone,
Shaw Mortgage Grp.,
& BLM Consulting:        Kenneth S. Pelsinger, Esq.
                         Kenneth S. Pelsinger, PC
                         3601 Hempstead Tpke., Ste. 410
                         Levittown, NY 11756

Michael J. Moberg &
Moberg & Assocs.:        Kristopher M. Dennis, Esq.
                         Jonathan B. Bruno, Esq.
                         Kaufman Borjecst & Ryan LLP
                         120 Broadway, 14th Floor
                         New York, NY 10271

Carlo Dellapina &
Medallion Abstract:      Keith LaVallee, Esq.
                         LaVallee & LaVallee, P.C.
                         4 West Gate Road
                         Farmingdale, NY 11735

Shaw Elite, LLC &
Simply Elite, LLC:       No appearances.
```

SEYBERT, District Judge:

Plaintiff Fairfield Financial Mortgage Group, Inc. ("Plaintiff") commenced this action against pro se defendant James R. Luca ("Luca"), a former employee of Plaintiff, alleging breach of contract and other business-related torts. Plaintiff later amended the original complaint to assert various business-related torts against the remaining defendants. Currently pending before the Court are a motion for partial summary judgment filed by Plaintiff (Docket Entry 314) and cross-motions for summary judgment filed by defendants Luca, Michael J. Moberg and Moberg & Associates, PLLC (collectively, the "Moberg Defendants"), and Carlo Dellapina ("Dellapina") and Medallion Abstract, LLC

("Medallion," and together with Luca, the Moberg Defendants, and Dellapina, "Defendants") (Docket Entries 325, 326, 332).

The undersigned referred these motions to Magistrate Judge William D. Wall, who issued a Report and Recommendation ("R&R") recommending denial of each of the motions due to the presence of disputed issues of material fact, with the exception of the Moberg Defendants' request to strike Plaintiff's claim for attorneys' fees, which Judge Wall recommends should be granted. (Docket Entry 363.) Plaintiff, Luca, and the Moberg Defendants have filed objections to the R&R. (Docket Entries 364, 365, 370.) For the following reasons, the Court ADOPTS the R&R in its entirety.

BACKGROUND

I. Factual Background

Plaintiff is a Connecticut-based, residential mortgage lender and broker that operated a branch office in Uniondale, New York between April 2005 and July 31, 2006. (Pl.'s 56.1 Stmt., Docket Entry 315, ¶¶ 6, 41.) In April 2005, Plaintiff hired Luca "as the employee responsible for day-to-day operations" of the Uniondale office. (Pl.'s 56.1 Stmt. ¶ 6.) Luca and Plaintiff allegedly entered into a branch manager agreement (the "BMA") governing Plaintiff's employment on or about January 17, 2006. (Pl.'s 56.1 Stmt. ¶ 9; Luca's 56.1 Counterstmt., Docket Entry 304, ¶ 10.)

3

Plaintiff alleges that Luca and his wife, defendant Candice Giaccone ("Giaccone"), who also worked in Plaintiff's Uniondale office, collaborated with two fellow employees, Eric Forte and David Jacobson (also defendants herein), to divert Plaintiff's business to a competitor, defendant Shaw Mortgage Group ("Shaw"), a company in which Luca allegedly opened a branch office to receive the diverted business. (See Second Amended Complaint ("SAC"), Docket Entry 83, ¶¶ 33, 35-37.) Based on this alleged activity, the Second Amended Complaint asserts breach of contract and unfair competition claims against Luca and breach of fiduciary duty claims against both Luca and Giaccone.[1] (SAC ¶¶ 45-60, 88-103.) Plaintiff also contends that the Moberg Defendants, who acted as Plaintiff's closing attorneys, assisted in the diversion of loans from Plaintiff to Shaw and that this amounts to aiding and abetting Luca's breach of fiduciary duty. (SAC ¶¶ 62-64.)

Plaintiff further claims that during his employment with Plaintiff, Luca, through his uncle, Dellapina, opened a title

---

[1] The Second Amended Complaint also asserts breach of fiduciary duty claims against Forte and Jacobson arising out of this alleged activity. (SAC ¶¶ 56-60.) On October 30, 2009, the Court entered default judgment against Forte and Jacobson for their failure to comply with the Court's discovery orders. (Docket Entry 174.) On October 16, 2011, the Court adopted Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation that the determination of damages with respect to these defendants be deferred until the claims against the remaining defendants have been determined. (Docket Entry 277.)

4

company, Medallion, with the assistance of the Moberg Defendants. (SAC ¶¶ 26-27.) Plaintiff alleges that Luca and Giaccone then referred title work to Medallion so that they could receive compensation for the referrals. (SAC ¶ 28.) The Second Amended Complaint alleges that Luca breached his fiduciary duty to Plaintiff by failing to disclose his interest in Medallion and by receiving secret profits from Medallion. (SAC ¶ 52.) The Second Amended Complaint also alleges that the Moberg Defendants, Medallion, and Dellapina aided and abetted Luca's alleged breach of his fiduciary duty to Plaintiff. (SAC ¶¶ 61-68.) Additionally, Plaintiff asserts claims for conversion, constructive trust, and an accounting against Luca. (SAC ¶¶ 69-87.)

II. Judge Wall's R&R

Plaintiff has moved for partial summary judgment against: (1) Luca, on the breach of contract, breach of fiduciary duty, and accounting claims; (2) Giaccone, on the breach of fiduciary duty claim; and (3) the Moberg Defendants, Dellapina, and Medallion, on the aiding and abetting claims. (Docket Entry 314.) Luca, the Moberg Defendants, and Dellapina and Medallion all have cross-moved for summary judgment on the claims against them. (Docket Entries 332, 325, 326.)

Judge Wall's R&R recommends that each of the motions be denied, with the exception of the Moberg Defendants' request to

5

strike Plaintiff's claim for attorneys' fees.  Plaintiff, Luca, and the Moberg Defendants have filed objections.

## DISCUSSION

The Court will first address the standard of review before turning to the parties' objections specifically.

I. Standard of Review

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted).  A party may serve and file specific, written objections to a magistrate's report and recommendation within fourteen days of receiving the recommended disposition.  See FED. R. CIV. P. 72(b)(2).  Upon receiving any timely objections to the magistrate's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3).  A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object.  See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested

sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (internal quotation marks and citation omitted). Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (internal quotation marks and citation omitted).

II. Plaintiff's Motion Against Luca

As noted, Plaintiff moves for partial summary judgment against Luca on its breach of contract, breach of fiduciary duty, and accounting claims. Judge Wall's R&R recommends denial of summary judgment on these claims, and Plaintiff raises several objections to the R&R. The Court will address each claim separately below.

A. Breach of Contract

The Second Amended Complaint alleges that Luca breached several provisions of the BMA by diverting Plaintiff's business to Shaw while he was still employed by Plaintiff. Luca's 56.1

7

Counterstatement raises two defenses to this claim. First, he alleges that Plaintiff consented to Luca processing loans for Shaw beginning around May 2006. (Luca's 56.1 Counterstmt. ¶¶ 6-11.) Second, he claims that he had resigned by the time he began processing loans for Shaw. (Luca's 56.1 Counterstmt. ¶¶ 10-11.) Judge Wall's R&R reports that Luca presented evidence and deposition testimony in support of these defenses that raise disputed issues of material fact precluding summary judgment in Plaintiff's favor, i.e., "precisely when and under what circumstances Luca resigned from [Plaintiff's employ]; and [ ] whether he brokered deals through Shaw with the knowledge and approval of [Plaintiff]." (R&R at 10.)

Plaintiff objects to the R&R, arguing that its evidence warrants entry of summary judgment on the breach of contract claim and that Judge Wall erred in considering Luca's pro se status in deciding the motion. (Pl.'s Objs., Docket Entry 364, at 9-14.) The Court disagrees with Plaintiff and finds that Judge Wall appropriately recommends denial of summary judgment based on the deposition testimony of Plaintiff's former managing director, Donald Luth. (R&R at 9.) Additionally, although Plaintiff is correct that Judge Wall erred in considering Luca's pro se status, see Rodriguez v. Hahn, 209 F. Supp. 2d 344, 348 (S.D.N.Y. 2002) ("Proceeding pro se does not . . . relieve a litigant of the usual requirements for summary judgment . . . ." (citation omitted)),

the Court finds that the evidence in the record is sufficient in and of itself to create issues of fact with respect to the breach of contract claim.

In its objections to Judge Wall's R&R, Plaintiff also contends that Luca breached the BMA's "Exclusivity Provision" by referring title work to Medallion.[2] (Pl.'s Objs. at 14-17.) The Exclusivity Provision states that "[Luca] shall not directly or indirectly render services of a business, commercial or professional nature to any other person or organized [sic] whether for compensation or otherwise, without the prior written consent of [Plaintiff] . . . ." (SAC Ex. A at Art. II(B).) Noting that Judge Wall also reported an issue of fact as to "whether or not Luca was involved in the formation of Medallion," (R&R at 10), Plaintiff argues that Judge Wall erred with respect to its claim that Luca breached the Exclusivity Provision because, according to

---

[2] Plaintiff and Luca produced two different versions of the BMA. As noted in the R&R, Luca testified during his deposition that he had signed a BMA but that certain provisions were amended. (R&R at 6; see also Pl.'s 56.1 Stmt. ¶ 9.) In his motion papers, Luca references Exhibit A to the Second Amended Complaint as the relevant BMA, and Plaintiff "assume[s], arguendo, the truth of the changes Luca claims and all references to the [BMA] will be to Luca's version." (Pl.'s 56.1 Stmt. ¶ 9.) Thus, for the purposes of Plaintiff's motion, Judge Wall reported no issue of material fact as to Luca's signing the BMA attached as Exhibit A to the Second Amended Complaint. As both Plaintiff and Luca agree as to the language of the relevant terms of the BMA, the Court agrees with Judge Wall that there is no issue of material fact with respect to Luca's signing the BMA for the purposes of this motion. However, this issue still must be resolved at trial.

Plaintiff, the issue of Luca's involvement in the formation of Medallion is not material to this claim. There are a couple of issues with this argument. Plaintiff misreads Judge Wall's R&R as finding that Luca's formation of Medallion was necessary to Plaintiff's claim that Luca breached the BMA's Exclusivity Provision. In fact, Judge Wall never even considered this claim, likely because the Second Amended Complaint does not allege it. Although Plaintiff may be correct that the issue of whether Luca formed Medallion has no bearing on the claim that Luca breached the BMA's Exclusivity Provision, such claim cannot now serve as the basis for a summary judgment motion because it is not pleaded in the Second Amended Complaint. Accordingly, Plaintiff's objection in this regard is not properly before the Court.

For these reasons, Plaintiff's objections to the R&R with respect to its breach of contract claim against Luca are OVERRULED, and the Court ADOPTS Judge Wall's recommendation that summary judgment on this claim be denied due to the presence of disputed issues of material fact.

B. <u>Breach of Fiduciary Duty</u>

The Second Amended Complaint also alleges that Luca breached his fiduciary duty to Plaintiff by diverting loans to Shaw, by failing to disclose his interest in Medallion, and by receiving secret profits from Medallion. (SAC ¶ 52.) Judge Wall's R&R recommends that summary judgment on this claim be denied due

to the existence of the same disputed issues of fact concerning Plaintiff's breach of contract claim and because disputed issues of fact exist as to "whether or not Luca was involved in the formation of Medallion." (R&R at 10.)

With respect to its claim that Luca breached his fiduciary duty by diverting business to Shaw, Plaintiff lodges the same objections to Judge Wall's R&R that it did with respect to its breach of contract claim. (See Pl.'s Objs. at 17-18.) As noted above, the Court finds that Judge Wall appropriately found issues of fact related to Luca's alleged diversion of business to Shaw. That finding applies equally to Plaintiff's claim that Luca breached his fiduciary duty based on the same activity.

Plaintiff next argues that Judge Wall erred in recommending denial of Plaintiff's claim that Luca failed to disclose his interest in Medallion and that he received secret profits from Medallion. (See Pl.'s Objs. at 18-19.) Plaintiff specifically argues that the issue of whether Luca was involved in the formation of Medallion is not relevant to its claim that Luca received secret profits from Medallion. However, although the Court agrees that this issue is not material to Plaintiff's claim, Judge Wall also appropriately reported disputed issues of fact regarding the payments Luca allegedly received from Medallion, including that Dellapina testified that Luca did not own, run, or profit from Medallion. (R&R at 8.) This Court finds that, while

Plaintiff asserts a plausible theory that Luca received monies from Medallion for the referral of title work, there is no direct evidence connecting the payments Luca received to the referral of title work. Although summary judgment may be granted based on circumstantial evidence, as Plaintiff urges, the Court cannot grant summary judgment on such evidence where the record also contains deposition testimony controverting it.

For these reasons, Plaintiff's objections to the R&R with respect to its breach of fiduciary duty claim against Luca are OVERRULED, and the Court ADOPTS Judge Wall's recommendation that summary judgment on this claim be denied due to the presence of disputed issues of material fact.

C. Accounting

Finally, Plaintiff claims that summary judgment should be granted on its accounting claim against Luca because "Luca owed [Plaintiff] a fiduciary duty as a matter of law." (Pl.'s Objs. at 20.) However, a plaintiff seeking an accounting under New York law must demonstrate "both a fiduciary relationship between the plaintiff and defendant and a breach of that fiduciary duty by the defendant." Soley v. Wasserman, 823 F. Supp. 2d 221, 237 (S.D.N.Y. 2011) (quoting Bezuszka v. L.A. Models Inc., No. 04-CV-7703, 2006 WL 770526, at *17 (S.D.N.Y. Mar. 24, 2006)). As noted above, Plaintiff has failed to demonstrate that Luca breached his

fiduciary duty and summary judgment on the accounting claim is therefore not appropriate.

For these reasons, Plaintiff's objections to the R&R with respect to its accounting claim against Luca are OVERRULED, and the Court ADOPTS Judge Wall's recommendation that summary judgment on this claim be denied due to the presence of disputed issues of material fact.

III. Luca's Motion Against Plaintiff

In his cross-motion, Luca contends that Plaintiff's claims against him for breach of fiduciary duty, conversion, and an accounting must be dismissed because they are duplicative of Plaintiff's breach of contract claim. (Luca's Br., Docket Entry 333, at 5-6[3].) Judge Wall's R&R recommends denial of Luca's cross-motion on the grounds that the breach of fiduciary duty claim is independent from the breach of contract claim and that Plaintiff is permitted to plead alternative causes of action for conversion and accounting. (R&R at 10-13.) Luca objects to the R&R arguing that no "facts exist in the record separate and distinct from those constituting the breach of contract claim." (Luca's Objs., Docket Entry 370, at 5 n.4.) The Court disagrees.

With respect to the breach of fiduciary duty claim, as Judge Wall correctly notes, "an employee has a fiduciary duty that

---

[3] These numbers refer to the page numbers provided by the Case Management/Electronic Case Filing system.

13

exists independent of any contract between the parties to refrain from such conduct in certain circumstances." (R&R at 11 (quoting Abraham Zion Corp. v. Lebow, 593 F. Supp. 551, 569 (S.D.N.Y. 1984)).). Although it is true that "a plaintiff cannot pursue a separate breach of fiduciary duty claim based on allegations of fiduciary wrongdoing that are either expressly raised in plaintiff's breach of contract claim or encompassed within the contractual relationship by the requirement implicit in all contracts of fair dealings and good faith," Perkins v. Am. Transit Ins. Co., No. 10-CV-5655, 2013 WL 174426, at *10 (S.D.N.Y. Jan 15, 2013) (internal quotation marks and citation omitted), the record contains evidence (although disputed) that may serve as the basis of an independent breach of fiduciary duty claim. This includes, inter alia, evidence that Luca may have received secret profits from Medallion for the referral of title work. See, e.g., W. Elec. Co. v. Brenner, 41 N.Y.2d 291, 295, 360 N.E.2d 1091, 392 N.Y.S.2d 409, (1977) ("[A]ny compensation secretly or improperly received from others beyond the compensation to which the employee is entitled is deemed to be held by him on a constructive trust for his employer."). Thus, the Court finds that Judge Wall correctly reported that Plaintiff may establish a breach of fiduciary duty without reference to the BMA. This reasoning applies equally to Plaintiff's accounting claim, which depends on the success of its breach of fiduciary duty claim. Additionally, the Court also finds

that Plaintiff's conversion claim does not depend on the BMA, and is therefore not duplicative of the breach of contract claim, because it seeks recovery for the alleged conversion of Plaintiff's physical property. For these reasons, Luca's objections to the R&R with respect to breach of fiduciary duty, conversion, and an accounting claims against him are OVERRULED, and the Court ADOPTS Judge Wall's recommendation that summary judgment on these claims be denied.

Luca also moves for summary judgment on Plaintiff's breach of contract claim, arguing that (1) Plaintiff breached the BMA itself; (2) Plaintiff did not sustain any damages flowing from the BMA because Plaintiff agreed to modify it; and (3) the BMA requires all disputes to be arbitrated. (Luca's Br. at 7-10.) Luca also argues that the Court lacks diversity jurisdiction here because the sum in controversy is less than $75,000. (Luca's Br. at 11-13.) Judge Wall recommends that summary judgment on these arguments also be denied. Luca does not object to Judge Wall's R&R in this regard. Upon careful review and consideration, the Court finds these portions of the R&R to be comprehensive, well-reasoned, and free of clear error, and it therefore ADOPTS them in their entirety.

IV. <u>Plaintiff's Motions Against the Moberg Defendants, Dellapina, and Medallion Motion</u>

Plaintiff also moves for summary judgment against the Moberg Defendants, Dellapina, and Medallion on its claims that these defendants aided and abetted Luca's alleged breach of fiduciary duty. Judge Wall recommends denial of these motions based upon the issues of material that he found precluded summary judgment against Luca on the underlying breach of fiduciary duty claim. (R&R at 14-15.)

Under New York law, a claim for aiding and abetting a breach of fiduciary duty "require[s] a primary violation--that is, an underlying . . . breach of fiduciary duty." <u>In re Tremont Secs. Law, State Law, and Ins. Litig.</u>, No. 08-CV-11117, 2013 WL 5393885, at *10 (S.D.N.Y. Sept. 26, 2013). Since the Court has adopted Judge Wall's recommendation of denial of Plaintiff's motion for summary judgment on the underlying breach of fiduciary duty claims, the Court also must deny Plaintiff's motion for summary judgment on the aiding and abetting claims. Accordingly, the Court OVERRULES Plaintiff's objections to the R&R with respect to its motions for summary judgment on the aiding and abetting claims, and the Court ADOPTS Judge Wall's recommendation that summary judgment on these claims be denied.

V.   The Moberg Defendants' Motion

As noted, the Second Amended Complaint alleges that the Moberg Defendants aided and abetted Luca's alleged breach of fiduciary duty. (SAC ¶¶ 61-64.) The Moberg Defendants move for summary judgment on this claim, as well as "to the extent a claim is alleged to arise from a breach of the [BMA]." (See Moberg Defs.' Br., Docket Entry 331, at 8.) With respect to the latter portion of the motion, the Second Amended Complaint does not allege an aiding and abetting claim against the Moberg Defendants based on Luca's alleged breach of the BMA. Accordingly, the Court will not address the Moberg Defendants' motion in this regard.

The Moberg Defendants argue that the aiding and abetting claim should be dismissed because Plaintiff has not established the primary breach of fiduciary duty by Luca and because Plaintiff has failed to establish the remaining elements of a breach of fiduciary duty claim. (See Moberg Defs.' Br. at 15-35.) The Moberg Defendants also argue that Plaintiff's claim for punitive damages must be dismissed as a matter of law. (See Moberg Defs.' Br. at 35-36.) Judge Wall recommends denial of the motion based on the issues of fact noted with respect to Plaintiff's claims against Luca. The Court agrees. The factual issues in this case are so largely disputed that summary judgment cannot enter on the underlying claims against Luca or the aiding and abetting claims dependent on them, nor can the Court determine whether Plaintiff

17

has established the level of culpability necessary to sustain a punitive damages claim against the Moberg Defendants. Accordingly, the Moberg Defendants' objections are OVERRULED and the Court ADOPTS Judge Wall's recommendation that the Moberg Defendants' motion for summary judgment on the aiding and abetting and punitive damages claims be denied.

Finally, the Moberg Defendants also argue that Plaintiff's claim for attorneys' fees must be stricken because there is no statutory basis for the recovery of such fees. Judge Wall recommends that the Court grant the Moberg Defendants' request to strike, and Plaintiff does not object to this portion of Judge Wall's R&R. Upon careful review and consideration, the Court finds this portion of the R&R to be comprehensive, well-reasoned, and free of clear error, and it therefore ADOPTS it in its entirety.

VI. Dellapina and Medallion's Motion

As noted, Plaintiff also alleges that Dellapina and Medallion aided and abetted Luca's breach of fiduciary duty. Dellapina and Medallion move for summary judgment on this claim. Judge Wall's R&R recommends that this motion also be denied, and Dellapina and Medallion do not object to the R&R. Upon careful review and consideration, the Court finds this portion of the R&R to be comprehensive, well-reasoned, and free of clear error, and it therefore ADOPTS it in its entirety.

VII. <u>Plaintiff's Motion Against Giaccone</u>

Finally, Plaintiff moves for summary judgment against Giaccone on its claim that she breached her fiduciary duty to Plaintiff when she allegedly diverted loans to Shaw and referred title work to Medallion. (Pl.'s Br. at 6-7.) Judge Wall recommends denial of this motion based on his report of disputed issues of material fact regarding (1) the duration of Giaccone's employment (and thus whether she had a fiduciary duty at the time the loans were allegedly diverted), and (2) whether she received monies from Medallion for referrals of title work. (R&R at 16-17.) In objecting to Judge Wall's R&R, Plaintiff again cites to its evidence as support for summary judgment, but Plaintiff's contradictory evidence only highlights the fact that many of the issues in the case are disputed and therefore must go to trial. Accordingly, Plaintiff's objections are OVERRULED and the Court ADOPTS Judge Wall's recommendation that Plaintiff's motion for summary judgment against Giaccone be denied.

[REMAINDER OF THIS PAGE LEFT BLANK INTENTIONALLY]

CONCLUSION

For the foregoing reasons, the Court ADOPTS Magistrate Judge Wall's R&R in its entirety. Each of the parties' motions for summary judgment (Docket Entries 314, 325, 326, 332) is DENIED, with the exception of the Moberg Defendants' request to strike Plaintiff's claim for attorneys' fees, which is GRANTED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   September __16__, 2014
         Central Islip, NY

20