UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

FAIRFIELD FINANCIAL MORTGAGE GROUP, INC.,

          Plaintiff,

v.

JAMES R. LUCA, ERIC FORTE, DAVID JACOBSON, CANDICE GIACCONE, MICHAEL J. MOBERG, MOBERG & ASSOCIATES, PLLC, SHAW MORTGAGE GROUP, INC., SHAW ELITE, LLC, SIMPLY ELITE, LLC, CARLO DELLAPINA, MEDALLION ABSTRACT, LLC, and BLM CONSULTING, LLC,

          Defendants.

----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
06–cv–5962 (JMA) (SIL)

FILED
CLERK
5/16/2017 4:52 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

    Plaintiff Fairfield Financial Mortgage Group, Inc. ("Fairfield"), is a financial institution in the business of providing mortgage banking services. The Court assumes familiarity with the factual and procedural history of this matter. The <u>gravamen</u> of the allegations in Fairfield's complaint is that the individual defendants—who were employees of Fairfield—breached their contractual and fiduciary obligations to Fairfield by (a) referring business away from Fairfield and to the entity defendants, which were companies owned by one of the individual defendants, and (b) recruiting employees away from Fairfield and to such companies. In return, the individual defendants received "kick back" payments from those companies. Fairfield filed this action to recover damages arising from alleged breaches of contract, breaches of fiduciary duty, and unfair competition.

    On September 30, 2009, Judge Seybert entered an order striking the Answers that had earlier been filed by defendants Eric Forte, David Jacobson, and Shaw Mortgage Group, Inc.

1

("Shaw").  (ECF No. 148.)  Judge Seybert further awarded Fairfield $300 in reasonable attorneys' fees, payable by Forte, Jacobson, and Shaw and directed Fairfield to move for default judgment against those defendants.  (Id.)  Fairfield moved for default judgment on October 16, 2009.  (ECF No. 149.)  In an order dated August 16, 2011, Judge Seybert granted plaintiff's motion for default judgment but deferred the calculation and award of damages until the claims against the other defendants had been resolved.  (See ECF Nos. 174, 222, 264, 277.)

Fairfield subsequently resolved its claims against all other defendants and, on December 27, 2016, moved for default judgment on the issue of damages against Forte, Jacobson, and Shaw.  (ECF Nos. 389, 390.)  That same day, Fairfield withdrew its motion against Forte, indicating that it had resolved its claims against him.  (ECF Nos. 388, 394.)  Thus, the only matter before the Court is Fairfield's motion for default judgment for damages against Jacobson and Shaw.

Fairfield seeks entry of default judgment against Jacobson in the amount of $829.559.89, plus pre-judgment interest.  This amount accounts for the payments Jacobson received from Fairfield during the time of his breach of contract and fiduciary duty, as well as the payments Jacobson received as inducements of his breaches.  Fairfield also seeks entry of default judgment against Shaw in the amount of $826,282.13, plus pre-judgment interest.  This amount accounts for Fairfield's lost profits resulting from Shaw's unfair competition.  Fairfield requests that Shaw and Jacobson be held jointly and severally liable for awards entered against each of them.  Finally, Fairfield requests that Shaw and Jacobson be held jointly and severally liable for the $300 in attorneys' fees awarded by Judge Seybert.

The Court grants Fairfield's motion.  As described in detail below, Fairfield is hereby awarded a total amount of $3,115,886.39, payable jointly and severally by Jacobson and Shaw.

2

### A. Joint and Several Liability

Fairfield requests that Jacobson and Shaw be held jointly and severally liable for the damage awards imposed against each of them. The Court grants Fairfield's request because Jacobson's breaches of his duties and Shaw's unfair competition are intimately related to one another and, indeed, are part of the same scheme. See, e.g., Davidcraft Corp. v. Danu Int'l, Inc., No. 90-cv-6578, 1992 WL 162997, at *5 (S.D.N.Y. June 24, 1992).

### B. Pre-Judgment Interest

Fairfield has requested pre-judgment interest on the awards against Jacobson and Shaw. Since all claims against Jacobson and Shaw are advanced under New York state law, the Court looks to New York law to determine the issue of pre-judgment interest. Under New York law, claims for breach of contract and fiduciary duty and for unfair competition are entitled to pre-judgment interest at the statutory interest rate of 9%. N.Y. C.P.L.R. 5001; 5004; see also Boule v. Hutton, 320 F. Supp. 2d 132, 140 (S.D.N.Y. 2004).

Fairfield requests that pre-judgment interest on the awards against Jacobson and Shaw be calculated from August 1, 2007, until the date of this order. Under New York law, interest "shall be computed from the earliest ascertainable date the cause of action existed" and, where "such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. 5001(b). The evidence submitted by Fairfield establishes that it suffered damages beginning in or around April 2005 and ending on July 31, 2007. Fairfield's request that pre-judgment be calculated as of August 1, 2007, is thus appropriate and, indeed, strikes the Court as a conservative request. The Court thus grants Fairfield's request and calculates the pre-judgment interest on the award against Jacobson and Shaw as of August 1, 2007.

### C. Damages

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234. District courts may hold an inquest by affidavit without a hearing so long as the court has "ensured that there was a basis for the damages specified in the default judgment." Transatlantic Marine, 109 F.3d at 111.

In support of its motion, Fairfield submitted declarations and documentary evidence, as well as excerpts from pervious inquests concerning damages held before Magistrate Judge Tomlinson. After review, the Court determines that Fairfield's proffered evidence establishes the damages detailed below to a reasonable certainty.

Accordingly, the Court awards plaintiff a total award of $3,115,886.39, payable jointly and severally by Jacobson and Shaw, as follows:

- $1,561,027.16 from Jacobson, consisting of:
    - $829,559.89, comprising $281,279.89 received in wages from Fairfield and a

4

      total of $548,280 in "kick back" payments.

- o $731,467.27 in pre-judgment interest at 9% per year from August 1, 2007, through May 16, 2017.

- $1,554,859.23 from Shaw, consisting of:

    - o $826,282.13 of profits lost by Fairfield.

    - o $728,577.10 in pre-judgment interest at 9% per year from August 1, 2007, through May 16, 2017.

- $300 in reasonable attorneys' fees.

**SO ORDERED.**

Dated: May 16, 2017
Central Islip, New York

                                                         /s/    JMA
                                            JOAN M. AZRACK
                                            UNITED STATES DISTRICT JUDGE